UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

KUJTIM DEMIROVIC, et al.,

                        Plaintiffs,

      -against-

FRANKLIN ORTEGA, et al.,

                      Defendants.

-------------------------------------------------X

**MEMORANDUM
AND ORDER**

15 CV 327 (CLP)

**POLLAK**, United States Magistrate Judge:

On January 21, 2015, plaintiffs Kujtim Demirovic, Richard Reinoso, Murto Avdalovic, and Senad Perovic (collectively, "plaintiffs") commenced this action against Franklin Ortega, Rocio Uchofen, and P.O. Italianissimo Ristorante Inc. (the "Restaurant") (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq., seeking unpaid overtime and minimum wages. On September 21, 2015, all of the parties consented to have the case re-assigned to the undersigned for all purposes.

Defendants filed an Answer to the Complaint on March 12, 2015, asserting counterclaims for conversion, fraud, abuse of process, unjust enrichment, defamation, and civil RICO violations. Thereafter, on March 26, 2015, defendants filed a Third Party Complaint against Elsa and Eljaz Perovic, asserting claims for civil RICO violations, conversion, fraudulent concealment, unjust enrichment, and assault.

On December 11, 2015, plaintiffs filed a motion to dismiss all of defendants' counterclaims. On September 15, 2016, the Court granted plaintiffs' motion to dismiss all of defendants' counterclaims due to the defendants' failure to satisfy the pleading requirements of

Rule 8, Rule 9(b), and Rule 12(b)(6). The Court also denied defendants' motion to amend their Answer, as the proposed Amended Answer remedied none of the deficiencies in the defendants' pleading, and would thus be futile as a matter of law.

Although the parties had been engaged in written discovery since June 2015, no depositions had been taken pending a decision on the various motions. During a telephone call held on October 28, 2016, the Court Ordered the parties to complete the plaintiffs' depositions by December 8, 2016; defendants' depositions were to be completed by January 16, 2017, and the third parties' depositions were to be completed by January 16, 2017.

On November 1, 2016, third-party defendants, Elsa and Eljaz Perovic, filed a letter motion to dismiss the Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). On January 31, 2017, this Court granted the motion to dismiss the third-party defendants.

Thereafter, on February 1, 2017, the Court held another discovery conference. Defendants had not conducted the third parties' depositions in the time frame set at the October conference, but the Court granted defendants an extension to complete their depositions "within [the] next 30 days."[1] (Minute Entry 45). The Court also ordered that the parties exchange outstanding documents within the same 30-day time period. (Id.) Under this scheduling Order, all depositions were to be completed by March 3, 2017.

On March 29, 2017, more than three weeks past the March 3d deadline set by the Court, during a telephone status conference before the undersigned, defendants requested another

---

[1]The Court notes that this was not the first extension granted to defendants; in September 2015, the Court granted defendants the opportunity to raise "critical objections" to plaintiffs' written discovery requests despite the fact that defendants had technically waived the right to object by failing to provide a timely response to the discovery requests under the Federal Rules. (Minute Entry 26).

extension of time to take the depositions of the third-party defendants. Again, the Court granted defendants an extension until May 1, 2017 to complete the third-party depositions. However, the Court explicitly stated that there would be "no further extensions." (Minute Entry 46). At that time, the Court directed that all discovery was to be completed by May 1, 2017.

On May 2, 2017, defendants' counsel filed a letter – once again after the deadline for the completion of the depositions and all discovery – seeking yet another 45-day extension of time to conduct the third-party depositions. In a separate letter dated May 2, 2017, defendants filed a motion to compel the disclosure of plaintiffs' income tax returns. On May 3, 2017, plaintiffs filed a letter opposing defendants' request for plaintiffs' tax returns and request to extend the discovery deadline, yet again.

During the telephone conference held on May 12, 2017, defendants' counsel explained that they were seeking to compel the production of plaintiffs' tax returns because certain plaintiffs refused to provide the necessary information that would allow defendants to file W-2 forms during plaintiffs' employment with defendants. Defendants also requested an extension of forty-five (45) days to conduct the third-party depositions but did not provide a persuasive explanation as to why they did not conduct these depositions earlier and why they could not have sought an extension from the Court before the deadline expired.

Plaintiffs' counsel reiterated the arguments raised in their letter, contending that defendants' motion for an extension of time should be denied since it was requested after the discovery deadline. Plaintiffs also objected to defendant's motion to compel plaintiffs' tax returns, arguing that it was defendants' duty to record the plaintiffs' hours worked, and maintain records and pay stubs.

3

DISCUSSION

A. Request for Income Tax Returns

Courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns. See Chen v. Republic Rest. Corp., No. 07 CV 3307, 2008 WL 793686 at *2 (S.D.N.Y. Mar. 26, 2008) (citing Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from [sic] the public interest in encouraging the filing by taxpayers of complete and accurate returns'").

A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: "(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" Carmody v. Village of Rockville Centre, No. 05 CV 4907, 2007 WL 2042807 at *2 (E.D.N.Y. July 13, 2007) (citing United States v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E .D.N.Y. 1988)).

Here, defendants argue that plaintiffs' tax returns are relevant to their defense because the tax returns "will reveal how much [plaintiffs] were actually paid and allow the court and all parties involved to see if the plaintiffs truly did not receive promised wages." (Ltr. Mot.[2] at 1). Plaintiffs oppose the motion to compel for several reasons, arguing that not only is the motion untimely, but that defendants are seeking plaintiffs' tax returns to support claims that have

---

[2]Citations to "Ltr. Mot." refer to defendants' letter-motion for discovery of plaintiffs' income tax returns filed on May 2, 2017.

4

already been dismissed and that it was defendants' responsibility to retain records that indicate the hours worked and wages earned by plaintiffs. (Pls.' 5/3/17 Ltr. at 1-2).

Defendants fail to explain why the total yearly earnings of a particular plaintiff would be relevant to the question of whether defendants properly paid plaintiffs for the hours they worked for defendants. To the extent that defendants seek these records to determine whether plaintiffs properly reported their income to the government, this information is irrelevant to the issue at hand. See Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (citing Rengifo v. Erevos Enterprises, Inc., No. 06 CV 4266, 2007 WL 894376, at *2 (S.D.N.Y. Mar. 20, 2007) (holding that "'the corporate defendants possess relevant data on hours and compensation, and there is no reason to assume that [the] defendants' records are less reliable than any records maintained by [the plaintiffs].' Indeed, the plaintiffs' tax returns would only include total income and not details that would be relevant in an FLSA and NYLL suit, such as weekly wages and specific hours worked") (citation omitted); D'Arpa v. Runway Towing Corp., No. 12 CV 1120, 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012) (holding that "the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records").

Defendants also cite to plaintiffs Richard Reinoso and Senad Perovic's failure to provide their tax identification numbers to defendant Ortega, which allegedly prevented defendant Ortega from adding them to the restaurant's payroll. (Ltr. Mot. at 2). However, plaintiffs' decision to refuse to provide their tax identification numbers to defendants is not a basis on which to require production of plaintiffs' tax returns. Apart from the fact that tax returns are unlikely to show

details of hours worked on particular dates, it is the responsibility of the employer, not the
employee, to maintain employment records under section 11(c) of the FLSA. See Santillan v.
Henao, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) (citing Anderson v. Mt. Clemens Pottery Co.,
328 U.S. 680, 687 (1946)) (holding that "the easiest way for an FLSA plaintiff to discharge his or
her burden of proof is, generally, to 'secur[e] the production of such records' from the employer,
who has the duty for their maintenance under section 11(c) of the FLSA"). Clearly, defendants
could have maintained their own records of the hours worked and the amounts paid to Reinoso
and Perovic even without their tax identification numbers.

Moreover, defendants state that they have requested the tax returns of Reinoso and
Perovic because the income tax information is necessary to determine if plaintiffs acted in bad
faith in allegedly refusing to provide their tax identification number to defendant Ortega and
whether they were involved in "executing an exit strategy at the suggestion of Eljaz Perovic, who
wanted Mr. Ortega to suffer." (Ltr. Mot. at 2). However, apart from the fact that it is unclear
how plaintiffs' tax returns would demonstrate either plaintiffs' bad faith or the existence of an
"exit strategy," as noted above, the tax returns will only reflect income received and not hours
worked by plaintiffs. Defendants have not advanced a single argument as to what specific
information in the tax returns would be relevant. The Court has already dismissed the
counterclaims filed by defendants against plaintiffs for fraud, abuse of process, and conversion.

The Court therefore finds that defendants have failed to meet their burden of showing
"compelling need" to access plaintiffs' tax returns for the purpose of determining the validity of

6

plaintiffs' FLSA and NYLL claims.[3]  Upon review of the documents filed by both plaintiffs and

defendants, this Court denies defendants' request for discovery of plaintiffs' tax returns.


B. Request for an Extension of Time to Complete Depositions

Defendants also request an additional forty-five (45) day extension of time to complete

the depositions of third-party defendants.  Defendants' counsel seeks the extension due to certain

scheduling conflicts that he says prevented him from arranging to take the depositions in advance

of the May 1, 2017 deadline.  (Defs.' 5/2/2017 Ltr. at 1).  Plaintiffs respond that defendants

improperly requested an extension to complete discovery after the May 1, 2017 deadline had

already passed.  (Pls.' 5/3/2017 Ltr. at 3).

The Court has granted defendants a number of extensions to complete the third-party

depositions.  During a telephone conference on October 28, 2016, the Court Ordered all third-

party depositions to be completed by the end of January.  (Minute Entry 40).  Thereafter, during a

status conference on February 1, 2017, following the Court's dismissal of the claims against the

third-party defendants, the Court directed the parties to complete the third-party depositions

within the next thirty (30) days.  (Minute Entry 45).  At a subsequent status conference on March

29, 2017, defendants requested another extension to complete third-party depositions.  The Court

granted the extension until May 1, 2017, but clearly stated that "no further extensions" would be

provided.  (Minute Entry 46).

Defendants now seek an additional forty-five (45) days to complete the third-party

---

[3]The Court notes that even if defendants had been able to satisfy the showing necessary to
warrant production of tax returns, their request is beyond the time set by this Court for
completing discovery.

depositions.  They contend that they have served the necessary subpoenas on the third parties and that their depositions are critical to defendants' case.  However, during the May 12, 2017 telephone conference, plaintiffs indicated that they had not received copies of the subpoenas or any notice of the depositions of the third-party defendants.  Defendants conceded that they had failed to provide plaintiffs with notice of the depositions, which defendants seek to schedule on May 30, 2017.

Based on defendants' continued failure to complete these depositions within the time allotted, despite numerous extensions granted by this Court, and an explicit warning on March 29 that there would be "no further extensions," the Court denies defendants' motion for an additional 45 days to complete the third-party depositions, when defendants have been aware of the need to depose these witnesses for almost seven months.  Based on the significant delay that has been caused by these extensions, and the absence of a compelling explanation apart from scheduling conflicts that prevented these depositions from occurring, the Court denies defendants' motion.

<u>CONCLUSION</u>

In light of the foregoing, defendants' motion to compel plaintiffs' income tax returns and request for an extension of time to complete discovery are denied.

A settlement conference has been scheduled for **June 14, 2017 at 2:00 p.m.**

In the event that the parties do not settle, any motions <u>in limine</u> must be filed by <u>July 10, 2017</u>; all replies must be filed by <u>July 17, 2017</u>. Plaintiffs are to file a draft of the Pretrial Order by <u>July 24, 2017</u>; defendants are to provide their draft by <u>July 31, 2017</u>. The final Joint Pretrial Order is to be filed by <u>August 14, 2017</u>. A pre-trial conference has been scheduled for **August 18, 2017 at 10:00 a.m.** Trial dates for a jury trial have been set from October 2, 2017 to October 6, 2017.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 23, 2017

                                   /s/  Cheryl Pollak
                                   Cheryl L. Pollak
                                   United States Magistrate Judge
                                   Eastern District of New York