UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KUJTIM DEMIROVIC, RICHARD REINOSO,
MURTO AVDALOVIC and SENAD PEROVIC,            15-cv-0327 (CLP)

                  Plaintiffs,

    -against-

FRANKLIN ORTEGA,
ROCIO UCHOFEN and
P.O. ITALIANISSIMO
RISTORANTE INC.,

                  *Defendants.*
-------------------------------------------------------------- X

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

    Plaintiffs, through their undersigned counsel, respectfully submit the following proposed jury instructions:

**1. Gratuity Misappropriation Claims (NYLL § 196-d)**

    Plaintiffs allege that Defendants kept 5% of the gratuities charged to customers for parties held at the Restaurant, apart from any credit card processing fees that they deducted from Plaintiffs' gratuities.

    New York Labor Law (NYLL) § 196-d makes it illegal for any employer or anyone acting on the employer's behalf to directly or indirectly retain any part of any gratuity or gratuity charge because those gratuities and gratuity charges must

be distributed to the employees who provided direct service to the customers, such as waitstaff employees.[1]

If you find that Defendant(s) directly or indirectly retained any part of any gratuity or gratuity charge collected from customers for parties where Plaintiffs worked as servers, then you will find for Plaintiffs on this claim and will be asked to estimate the amount of gratuities that the Defendants improperly kept.

If, however, you find that Plaintiffs haven't proved by a fair preponderance of the evidence that Defendant(s) directly or indirectly retained any part of any gratuity or gratuity charge collected from customers for parties where Plaintiffs worked as servers, then you will find for Defendants on this claim.

If you find for Plaintiffs on this claim, you will be asked to decide if Defendants' retention of a portion of Plaintiffs' gratuities was "willful". A defendant acts willfully when he knowingly, deliberately and voluntarily disregards his obligations under the Labor Law.[2]

### 2. FLSA and NYLL Minimum Wage and Overtime Claims

Plaintiffs allege that they worked solely for tips, and that Defendants never paid them any actual wages. Plaintiffs also allege that Defendants retaliated

---

[1] *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70 (2008).
[2] *P & L Group, Inc. v. Garfinkel*, 541 N.Y.S.2d 535, 537, 150 A.D.2d 663, 664 (2d Dep't 1989).

against them for filing this court case by filing retaliatory counterclaims against them.

Defendants, on the other hand, allege that they never kept any part of Plaintiffs' tips, that they paid Plaintiffs the minimum wage, that Plaintiffs never worked overtime, and that Defendants' Counterclaims, which this Court has dismissed, were not filed to retaliate against Plaintiffs.

This Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) require covered employers to pay wages of not less than the minimum wage rate and to pay time-and-a-half overtime pay to employees who work more than 40 hours a week.

Plaintiffs have the burden of proving by a fair preponderance of the evidence that they performed work for which they weren't properly compensated.  Under the FLSA and NYLL, employers, not employees, have a duty to keep accurate records of all hours worked by their employees.   When the employer's records are inaccurate or inadequate a Plaintiff can meet his burden if he proves he performed work for which he was not compensated, and she produces sufficient evidence to allow you to justify and reasonably infer the amount and extent of that work.  The plaintiffs may meet this burden solely through their own recollection.[3]

---

[3] *Maslowski v. Crimson Const. Corp.*, 2013 WL 752199, at *6 (E.D.N.Y. 2013).

The burden then shifts to the employer to prove by a preponderance of the evidence that Plaintiffs were properly paid for the hours worked.[4]

In addition, the law prohibits an employee from entering into a valid agreement to work solely for tips, or to be paid a wage lower than what the FLSA or NYLL requires. This means it was legally impossible for Plaintiffs to agree to work solely for tips. Even if Plaintiffs said they were okay with that arrangement, the law still mandates that they be paid a wage in addition to whatever tips and gratuities they received.

For Plaintiffs to establish their minimum wage claim, they must prove each of the following by a preponderance of the evidence:

1. That Defendant(s) employed them during the time period involved; and

2. That Defendant(s) failed to pay them the minimum wages required by law.

You will be asked to decide whether Defendant(s) paid Plaintiffs a wage in addition to the tips and gratuities they received, or whether Plaintiffs were compensated solely through the tips and gratuities they received.

---

[4] *Maslowski v. Crimson Const. Corp.*, 2013 WL 752199, at *6 (E.D.N.Y. 2013) (citing NYLL § 196-a).

In addition, three of the Plaintiffs have asserted claims for overtime pay. For these Plaintiffs to establish their FLSA claim for overtime pay, they must prove each of the following by a preponderance of the evidence:

1. That Defendant(s) employed them during the time period involved;

2. That P.O. Italianissimo Ristorante, Inc. received at least $500,000 in gross annual sales while Plaintiffs were employed; and

3. That Plaintiffs worked more than 40 hours a week.

If you find that P.O. Italianissimo Ristorante, Inc. did not receive at least $500,000 in gross annual sales while Plaintiffs were employed, Plaintiffs will still be entitled to receive unpaid overtime under the NYLL if they establish that:

1. That Defendant(s) employed them during the time period involved; and

2. That Plaintiffs worked more than 40 hours a week.

### 3. INDIVIDUAL LIABILITY[5]

A defendant must qualify as an "employer" to be held liable under the FLSA. There is no question that the corporate defendant, P.O. Italianissimo

---

[5] This proposed instruction is based on this Court's decision in *Drozd v. Vlaval Const., Inc.*, 2011 WL 9192036, at *5–6 (E.D.N.Y. 2011).

Ristorante, Inc., is a "employer" as defined by the statute. Consequently, you must only determine whether the individual Defendants, Franklin Ortega and Rocio Uchofen, were "employers," and therefore jointly and severally liable to the Plaintiffs.

An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." When determining whether a given person is an 'employer' for purposes of the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the worker[ ] in question...."

While a finding as to the defendant's power to control the employee-plaintiff is critical for assessing whether the defendant is an "employer," there is no requirement that the defendant "continuously monitor" or exercise "any sort of absolute control" over the plaintiff. Rather, control may be more attenuated "or exercised only occasionally, without removing the employment relationship from the protections of the FLSA." *Id.* Indeed, "[t]he Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer," and because of the statute's "remedial nature," courts should apply a broad "interpretation of its provisions so ... [as to] have 'the widest possible impact in the national economy."

Consequently, whether the defendant is an "employer" pursuant to the FLSA hinges on the underlying "economic reality" of the alleged employer-employee relationship. In applying the "economic reality" test, courts have found the

following factors relevant with respect to the alleged "employer"—whether he: 1) "had the power to hire and fire the employee[ ];" 2) "supervised and controlled [the] employee['s] work schedule[ ] or conditions of employment;" 3) "determined the rate and method of payment;" and 4) "maintained [the] employment records." Though useful, this "list of factors is not exhaustive, and no individual factor standing alone is dispositive" of a person or entity's status under the FLSA. Courts should therefore rely on these factors for guidance, but should rest any final determination on the "totality of the circumstances" as presented by the evidence.

If you find that Defendant Ortega, as the Restaurant's President and 50% owner and later 100% owner, had operational control over the Restaurant, then you will find him liable along with the Restaurant for wage and hour violations that Plaintiffs have alleged.

Although Plaintiffs seek to hold Defendant Rocio Uchofen jointly liable for filing retaliatory counterclaims against them, the joint liability they seek to impose against her for unpaid gratuities, minimum wages and overtime is much more limited because it only covers the nine-week period from October 2, 2014 to December 6, 2014. During that nine-week period Plaintiffs claim that Ms. Uchofen acted as her husband's agent and affected the conditions of their employment by monitoring them and restricting their access to the register, which,

according to Plaintiffs, kept them from knowing how much they were owed in gratuities.

Defendants deny that Ms. Uchofen ever acted as an "employer". If you find that Ms. Uchofen did not qualify as an employer, then you will find that she is not liable for any unpaid minimum wages, overtime or spread-of-hours pay.

However, Uchofen would not need to be an employer to be liable for jointly liable for any portion of the tips and gratuities, if any, that she indirectly retained. Her liability on that issue would depend on whether you find that she indirectly retained any part of any gratuity or gratuity charge collected from customers for parties where Plaintiffs worked as servers between October 2, 2016 and December 6, 2014.

Likewise, Plaintiffs need not show that Uchofen was an employer in order for her to be liable for retaliation in violation of the FLSA or NYLL. Regardless of whether Plaintiffs succeed in proving any of their claims for unpaid wages and gratuities against Uchofen, Uchofen will be liable for unlawful retaliation if you find that she filed her counterclaims in order to retaliate against Plaintiffs for filing a court case seeking unpaid wages and gratuities.

4.   **RETALIATION JURY INSTRUCTION[6]**

---

[6] Adapted from Instruction 5.1 of draft jury instructions for First Circuit Court of Appeals, online at http://federalevidence.com/pdf/JuryInst/1st_Civ_EmpDiscrim_2010DRAFT.pdf  The FLSA's anti-retaliation provision is as broad in scope as Title VII's, *Torres v. Gristede's Operating Corp.*, 628

Plaintiffs accuse Defendants of violating the FLSA and NYLL by retaliating against them for engaging in a protected activity, namely, filing a court complaint seeking to recover unpaid wages. To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that First, Defendants took adverse action against them by filing the counterclaims accusing them of fraud, theft, defamation, racketeering and the like,[7] and Second, were it not for their protected activity of filing a court complaint seeking to recover unpaid wages, Defendants would not have filed counterclaims against them accusing them of fraud, theft, defamation, racketeering and the like.[8]

---

F.Supp.2d 447, 472 (S.D.N.Y. 2008), if not broader. *See Romero v. Allstate Ins. Co.*, 3 F.Supp.3d 313, 329, n.12 (E.D.Pa. 2014). Accordingly, the FLSA's anti-retaliation provision is violated when an employer is motivated by retaliatory animus, even if valid objective reasons for the [adverse employment-related action] exist. *See Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir.1993) ("Title VII is violated when an employer is motivated by retaliatory animus, <u>even if valid objective reasons for the [adverse employment-related action] exist</u>.") (Emphasis added).

Moreover, the NYLL's anti-retaliation provision (NYLL § 215) is even "more broadly worded" than the FLSA's. *Thompson v. Jennings and Hartwell Fuel Oil Corp.*, 2015 WL 5437492, at *4 (E.D.N.Y. 2015); *See also Liverpool v. Con-Way, Inc.*, 2009 WL 1362965, at *11 (E.D.N.Y. 2009) (NYLL § 215 should be broadly construed to "[m]aintain[] unfettered access to statutory remedial mechanisms."); *See also Flannigan v. Vulcan Power Group, LLC*, 642 Fed.Appx. 46 (2d Cir. 2016) (affirming award of $300,000 in compensatory damages, and holding that jury's award of $900,000 in punitive damages to employee on her claim that employer filed meritless counterclaims and issued harassing subpoenas to her clients in retaliation for her filing of lawsuit against employer was not grossly excessive under New York law since employer engaged in egregious conduct and malicious abuse of judicial process).

[7]   These counterclaims were permissive, not compulsory. *See Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 467 (S.D.N.Y. 2008).

[8]   Although the issue hasn't been resolved, it seems safest to assume for present purposes that a "but for" causation standard applies. *Aponte v. Modern Furniture Manufacturing Company, LLC*, 2016 WL 5372799, at *16 (E.D.N.Y., 2016) (applying "but for" causation standard to FLSA's anti-retaliation provision).

Plaintiffs are not required to prove that their claim for unpaid wages had merit in order to prove their retaliation claims.

Further, a Defendant need not be an employer or have any control over a business's employees in order to be liable for unlawful retaliation.[9]

### 5. NY Pattern Jury Instructions (PJI) 2:278 Damages—Punitive.[10]

In addition to awarding damages to compensate the Plaintiffs for their injuries, you may, but you are not required to, award the Plaintiffs punitive damages if you find that Defendants' acts that caused the injury complained of were wanton and reckless or malicious. Punitive damages may be awarded for conduct that represents a high degree of immorality. The purpose of punitive

---

[9] 29 U.S.C. 215 provides, in pertinent part, "it shall be unlawful for <u>any person</u>—(a)(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter… (Emphasis supplied).

NYLL § 215 provides, in pertinent part, "1. (a) No employer or his or her agent, or the officer or agent of any corporation, … or <u>any other person</u>, shall … in any … manner discriminate or retaliate against any employee … (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter[.]" (Emphasis supplied).

[10] Punitive damages are appropriate where a defendant files retaliatory counterclaims. *See*, *e.g.*, *Flannigan v. Vulcan Power Group, LLC*, 642 Fed.Appx. 46 (2d Cir. 2016) (affirming award of $300,000 in compensatory damages, and holding that jury's award of $900,000 in punitive damages to employee on her claim that employer filed meritless counterclaims and issued harassing subpoenas to her clients in retaliation for her filing of lawsuit against employer was not grossly excessive under New York law since employer engaged in egregious conduct and malicious abuse of judicial process); *See also Sines v. Service Corp. Intern.*, 2006 WL 3247663, at *3 (S.D.N.Y. 2006) (awarding $130,000 punitive damages award for violation of the FLSA's anti-retaliation provision).

damages is not to compensate the plaintiff but to punish the defendant for wanton and reckless or malicious acts and thereby to discourage the defendant and other people or companies from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others.

If you find that Defendants' acts were not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that Defendants' acts were wanton and reckless or malicious, you may award the Plaintiffs punitive damages.

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what Defendants did. That would include the character of the wrongdoing, whether their conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the act(s) were done with an improper motive or vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, Defendants' awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often Defendants had committed similar acts of this type in the past and the actual

and potential harm created by Defendants conduct including the harm to individuals or entities other than the Plaintiffs. However, although you may consider the harm to individuals or entities other than the Plaintiffs in determining the extent to which Defendants' conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish Defendants' for the harm they caused to others.

The amount of any punitive damages you award must be both reasonable and proportionate to the actual and potential harm suffered by the Plaintiffs, and to any compensatory damages you awarded Plaintiffs. The reprehensibility of Defendants' conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Plaintiffs and any compensatory damages you have awarded to Plaintiffs. You may also consider Defendants' financial condition and the impact your punitive damages award will have on Defendants.

In reporting your verdict, you will state any amount awarded by you as punitive damages.

**6.    INSTRUCTION REGARDING DISMISSED COUNTERCLAIMS**

As you have heard, each of the Defendants filed counterclaims accusing the Plaintiffs of fraud, theft, defamation, racketeering and similar misconduct. This Court has dismissed all of those counterclaims as being legally insufficient.

In determining whether punitive damages should be imposed against the Defendants, and if so, in what amount, you are free to consider whether Defendants had a justifiable good faith belief in the truthfulness of the accusations they made against the Plaintiffs, even if though those counterclaims were dismissed by the Court. However, whether or not Defendants genuinely believed the accusations made in those counterclaims is not relevant to any other issue in the case, including the issue of whether Defendants' counterclaims were retaliatory.[11]

## 7.   MISCELLANEOUS

Plaintiffs request a missing document charge and a missing witness charge with respect to any documents that Defendants could have and should have

---

[11] The FLSA's anti-retaliation provision is as broad in scope as Title VII's, *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 472 (S.D.N.Y. 2008), if not broader. *See Romero v. Allstate Ins. Co.*, 3 F.Supp.3d 313, 329, n.12 (E.D.Pa. 2014). Accordingly, the FLSA's anti-retaliation provision is violated when an employer is motivated by retaliatory animus, even if valid objective reasons for the [adverse employment-related action] exist. *See Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir.1993) ("Title VII is violated when an employer is motivated by retaliatory animus, even if valid objective reasons for the [adverse employment-related action] exist.") (Emphasis added).

produced, and any witnesses that Defendants could have and should have timely noticed.

        Respectfully submitted,

        Law Offices of Scott A. Lucas

        By: */S/ Scott A. Lucas*
           Scott A. Lucas
           250 Park Avenue
           20th Floor
           New York, New York 10177
           (212) 983-6000
           *Attorneys for Plaintiffs*