UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KUJTIM DEMIROVIC, RICHARD REINOSO,
MURTO AVDALOVIC and SENAD PEROVIC,      15-cv-0327 (CLP)

                       Plaintiffs,

    -against-

FRANKLIN ORTEGA,
ROCIO UCHOFEN and
P.O. ITALIANISSIMO
RISTORANTE INC.,

                     *Defendants*.
------------------------------------------------------------- X

## REQUEST FOR TEMPORARY RESTRAINING ORDER

Based on the verdict rendered on Plaintiffs' unpaid wage claims on October 26, 2017, and on all prior proceeding had in this case, Plaintiffs hereby move this Court pursuant to Fed. R. Civ. P. 64(a) and New York Civil Practice Law and Rules ("CPLR") 5229 for an Order that:

(1) Defendants be "enjoined and restrained, with the same effect as if a restraining notice had been served upon [them] after judgment, from making or suffering any sale, assignment, transfer, or interference with any property in which [Defendants have] an interest [and specifying that] [t]hese restrictions shall apply until such time as judgment in this action has been entered." *Sequa Capital Corp. v. Nave*, 921 F.Supp. 1072, 1076 (S.D.N.Y. 1996);

(2) Each Defendant shall separately provide, by November 27, 2017, the information and documents requested in the "Post-Verdict Interrogatories & Request for Documents Used to Calculate Net Worth" attached as Ex. "A," together with a certification made under

penalty of perjury that the interrogatory answers provided are true and that all of the requested documents have been provided; and

(3) requiring Defendants, after they have complied with their obligation to separately provide the information and documents requested in the "Post-Verdict Interrogatories & Request for Documents Used to Calculate Net Worth" attached as Ex. "A," to appear for depositions pursuant to NY CPLR 5229 on a date or dates that the parties shall agree upon.

## LAW

Judge Chen summarized the law in this area in *Coley v. Vannguard Urban Improvement Association, Inc.*, 2016 WL 7217641, at *6 (E.D.N.Y. 2016):

> FRCP 64(a) permits federal courts to grant certain provisional remedies in accordance with State law. District courts in the Second Circuit have treated CPLR § 5229 as providing one such remedy. *See Leser v. U.S. Bank Nat'l Ass'n*, 09-CV-2362, 2013 WL 867151, at *1 (E.D.N.Y. March 7, 2013); *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996); *see also Shamrock Power Sales, LLC*, 2016 WL 6102370, at *8 (listing CPLR § 5229 as a "prejudgment remed[y] that may be available to Plaintiff" under FRCP 64(a)"). CPLR § 5229 provides that "[i]n any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining order had been served upon him after judgment." CPLR § 5229. *See Kaminsky v. Kahn*, 46 Misc. 2d 131, 131–32 (N.Y. Sup. Ct. 1965) (stating, after plaintiff was awarded an interlocutory judgment directing an accounting from defendant, that the court saw "no need to await the entry of a final judgment" before granting restraint under CPLR § 5229).
>
> The Court has discretion regarding whether to grant relief under CPLR § 5229 and the manner and limitations of any relief granted. *Sequa Capital Corp.*, 921 F. Supp. at 1076 (citing 6 Weinstein, Korn & Miller, New York Civil Practice ¶ 5229.04

2

> (1995)). "Courts may order an adverse party restrained until judgment is entered where there is a danger that he will dispose of his assets." *Id.* However, <u>the moving party need not make a particular showing of the danger of dissipation of assets</u>. *See Leser*, 2013 WL 867153, at *3; *Gallegos v. Elite Model Mgmt. Corp.*, 1 Misc. 3d 200, 207 (N.Y. Sup. Ct. 2003) (finding no requirement that the prevailing party "submit evidence that assets are definitively being disposed of or diverted as a prerequisite to obtaining injunctive relief").

*Coley*, 2016 WL 7217641, at *6.

Judge Chen then held as follows:

> Plaintiffs have obtained default judgments against the defaulting Defendants, but there has not been a final damages award entered against them. Therefore, the Court finds that CPLR § 5229 authorizes examination and restraint of the assets of Defendants against whom default judgment has been granted[.]
>
> Defendants … are hereby restrained, as of the date of this Order, from selling, transferring, assigning or interfering with any assets they directly own or in which they have an interest until a damages judgment is entered in this case; and (2) they are hereby ordered to appear for a deposition and produce documents concerning their finances on a date mutually agreeable to all parties and no later than within forty-five (45) days of entry of this Order.

*Coley*, 2016 WL 7217641, at *6 (citing *Leser*, *supra*, 2013 WL 867151, at *3).

## APPLICATION

Although Plaintiffs "need not make a particular showing of the danger of dissipation of assets" to secure the requested relief, *Coley*, *supra*, such a danger plainly does exist.

The verdict rendered today does not concern anything morally benign, like a simple car accident or a slip and fall injury. Instead, it involves wage theft, a crime punishable by up to one year in prison. New York Labor Law § 198-a.

In addition:

- Defendants submitted falsified W-2 transaction journals to the Court, which proves that Defendants are willing to falsify information to avoid their payment obligations.

- After submitting falsified W-2 transaction journals, and being confronted with the undeniable fact that they were falsified, Defendant Ortega testified that they are indeed accurate, which shows that Ortega has little regard for the judicial process and believes that "the end justifies the means."

- Defendants, through counsel, have violated or tried to violate the Court's pretrial rulings on multiple occasions during this trial (trying to question a plaintiff about not filing his tax returns, trying to question a plaintiff about using allegedly sexist insults, questioning a plaintiff about whether

4

he came here on a green card, and stating in summation that one of the plaintiffs doesn't have a social security number), which, I submit, shows contempt for the rule of law, and an "end justifies the means" mindset – one that does not give Plaintiffs any comfort that defense counsel would take any meaningful steps to dissuade Defendants from making questionable asset or money transfers pending entry of judgment.

Finally, granting the requested relief will not impact Defendants' ability to meet ordinary payroll expenses or to cover food, mortgage or utility payments and other ordinary living expenses. As the court stated in *Gallegos v. Elite Model Management Corp.*, 768 N.Y.S.2d 134, 139 Misc.3d 200 (N.Y.Sup. 2003), which was cited approvingly by Judge Chen in *Coley*:

> Defendants' concerns that granting plaintiff's application will render [defendant] without means to operate successfully and will jeopardize individual parties' financial security and access to funds is unfounded. The restraints imposed by CPLR 5229 do not affect property that is not otherwise available to satisfy a money judgment, such as payment of salaries and living expenses that are ordinarily incurred.

*Gallegos*, 768 N.Y.S.2d at 139, 1 Misc.3d at 207.

5

## CONCLUSION

WHEREFORE, Plaintiffs respectfully submit that the relief requested should be granted.

Dated:	New York, New York
	October 26, 2017

>	LAW OFFICES OF SCOTT A. LUCAS
>
>	By */S/ Scott A. Lucas*
>	    Scott A. Lucas
>	    250 Park Avenue
>	    Suite 2020
>	    New York, New York 10177
>	    (212) 983-6000
>	    scott@lucasemploymentlaw.com
>	    *Attorneys for Plaintiffs*

TO:	Behrins & Behrins PLLC (via hand delivery in Court)
	*Attorneys for Defendants*