UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KUJTIM    DEMIROVIC,    RICHARD
REINOSO, MURTO AVDALOVIC, and
SENAD PEROVIC,

                Plaintiffs,

        -against-

FRANKLIN    ORTEGA,    ROCIO
UCHOFEN, and P.O. ITALIANISSIMO
RISTORANTE, INC.,

                Defendants.
-------------------------------------------------------X

**JURY INSTRUCTIONS**
15 CV 327 (CLP)

**POLLAK**, United States Magistrate Judge:

Ladies and gentlemen of the jury:

     You have now heard all the evidence in the case as well as the final

arguments of the lawyers for the parties.  I am now going to instruct you on the

law.  It is your duty as jurors to follow the law as I state it and to apply the law to

the facts, as you find them, from the evidence presented.

     It has been obvious to me and counsel that until now you have faithfully

discharged your duty to listen carefully and to observe each witness who testified.

I ask that you give me that same careful attention as I instruct you on the law.

My instructions will be in three parts:

First:      I will give you instructions regarding the general rules that define and

govern the duties of a jury in a civil case such as this;

Second:     I will then instruct you as to the legal elements of the claims in this

case; and

Third:      Finally, I will give you some general rules regarding your

deliberations.

## ROLE OF THE COURT AND JURY

Let me start by defining our respective roles as judge and jury.  Your duty,

as I mentioned in my opening instructions, is to find the facts from all the evidence

in this case.  You are the sole and exclusive judges of the facts.  It is for you and

you alone to pass upon the evidence.  You determine the credibility of witnesses.

You determine what weight to give the evidence; you resolve such conflicts as may

have appeared in the evidence, and draw whatever inferences you deem to be

reasonable and warranted from the evidence.

In determining these issues, no one may invade your province or functions

2

as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening arguments, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said -- or what I may say in these instructions -- about a factual issue evidence.

Therefore, with respect to any question concerning the facts, it is your recollection of the facts -- not counsel's recollections, as expressed in the opening or closing statements, or my recollections, if I have made any references to testimony -- that controls.

My job is to instruct you on the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.  You must apply the law in accordance with my instructions to the facts as you find them.  If any of the lawyers has stated a legal principle which differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.

You should not single out any instruction as alone stating the law, but should consider my instructions as a whole.  You must follow all the rules as I explain

3

them to you.  You may not follow some and ignore others, even if you do not understand the reasons for some of the rules.  You should not be concerned about the wisdom of any rule of law that I state.  Regardless of any opinion that you may have about what the law may be -- or should be -- it would be a violation of your oaths as jurors to base your verdict on any other view of the law than that given to you in these instructions.

Since it is your job -- not mine -- to find the facts, I have neither expressed nor attempted to suggest an opinion about how you should decide the facts of the case.  I have not expressed nor have I intended to suggest any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You should not interpret anything I have said or done as expressing an opinion about the facts.

For example, if I have asked questions of a witness, you should not attach special significance to these simply because they were asked by the court. Similarly, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion concerning the credibility of that evidence or the weight it should be given.

4

You have no concern with the reasons for such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.

In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or any guesswork about the nature or effect of any conversation between court and counsel held out of your hearing or sight.

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations.

You are, I repeat, the exclusive and only judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  This authority, however, is not to be exercised arbitrarily; you must deliberate with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to

5

that which is properly in evidence.  Arguments made by a party or by counsel are not evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

## JUROR OATH

You must determine the facts in this case based solely on the evidence or those inferences which can reasonably be drawn from the evidence.  In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice, or sympathy and without fear, solely upon the evidence in the case and the applicable law.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

6

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

## CONDUCT OF COUNSEL

It is the right and duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which he or she believes is not properly admissible.  The parties also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because there was an objection to the admissibility of evidence, or there was a request for a conference out of the hearing of the jury or there was a request that the court rule on the law.

## THE DEFINITION OF EVIDENCE

I will now instruct you on what evidence is and how you should consider it. Evidence has been presented to you in the following forms:

First:                    Sworn testimony from the witnesses, both on direct

7

examination and cross examination.  I emphasize that it is the

witnesses' answers that are evidence; the questions asked by the

lawyers are not evidence.  At times, the examiners may have

incorporated into their questions a statement which assumed certain

facts to be true, and then asked the witness if the statement was true.

If the witness denied the truth of the statement, and if there was no

other evidence introduced to prove the assumed fact was true, then

you may not consider it to be true simply because it was contained in

the question.

Testimony that has been stricken or excluded is not evidence

and may not be considered by you in rendering your verdict.  Also, if

certain testimony was received for a limited purpose -- as for the

purpose of assessing a witness's credibility – you must follow the

limiting instructions I have given.

Arguments by the lawyers are not evidence, because the

lawyers are not witnesses.  What they have said to you in their

opening statements and in their summations is intended to help you

understand the evidence to reach your verdict.  However, if your

recollection of the facts differs from the lawyers' statements, it is your

recollection which controls.

Second:          You heard testimony from the depositions of **Kujtim**

**Demirovic, Richard Reinoso,** and **Franklin Ortega**.  A deposition,

as I explained, is simply a part of the pretrial discovery where the

attorneys for one side may question a witness or an adverse party

under oath prior to trial.  You may consider the testimony of a witness

given at a deposition according to the same standards you would use

to evaluate the testimony of a witness given at trial.

Third:          Facts to which the lawyers may have agreed or "stipulated" are

evidence in this case.  As I mentioned in my opening instructions, to

the extent that the parties have stipulated to a particular fact, you must

accept the stipulated fact as true, but it remains for you to determine

what weight to accord this evidence.

          In this case, the parties have stipulated to the following facts:

- That plaintiffs Kujtim Demirovic, Murto Avdalovic, and Senad Perovic were
  employed by P.O. Italianissimo Ristorante, Inc., which I will call "the

9

Restaurant," from January 21, 2009 through December 6, 2014.

- That plaintiff Richard Reinoso was employed by the Restaurant from May 10, 2011 through December 6, 2014.

Those are the facts stipulated to by the parties.

Now, certain other things are not evidence and are to be disregarded by you in deciding what the facts are.  As I said earlier, do not consider testimony that has been excluded, stricken, or that you have been instructed to disregard.  On the other hand, if an objection was raised as to a certain question or to certain testimony, and that objection was overruled, treat the answer to that question or that testimony like any other answer or testimony.

Anything I  may have said or done is not evidence, and obviously, anything you may have seen or heard outside the courtroom is not evidence.

As I said before, it is your recollection of the facts and the evidence that governs.  If, in the course of your deliberations, you have any questions regarding the particulars of a witness's testimony, you can simply send me a note indicating that you would like to have the testimony read back.  It may be useful for you to be specific whether you want all of the witness's testimony re-read -- in which case we will do that -- or only a portion dealing with a specific issue.  I will send all

10

exhibits received in evidence into the jury room with you.

Now that you know what evidence is and is not, let me note that, generally speaking, there are two types of evidence:  direct and circumstantial.  You may use both types of evidence in reaching your verdict in this case.  There is no distinction between the weight to be given to these two types of evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses -- something he or she has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

The other type of evidence -- circumstantial evidence -- is proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.  A simple example of circumstantial evidence would be as follows:

Suppose you came to court on a day when the weather was clear and dry. However, after several hours in the courtroom, you observe a person come in wearing a raincoat and shaking a wet umbrella.  Now, suppose you haven't had the

11

opportunity to look outside during those several hours to see if it is raining.  You wouldn't have direct evidence that it had rained, but you might infer that fact from the circumstances you had observed.

That is all there is to circumstantial evidence.  On the basis of reason, experience, and common sense, you infer the existence or non-existence of a fact from established facts.

Circumstantial evidence is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

## **INFERENCES**

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.  I have used the term "inference," and the parties in their arguments have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

What is an inference?  An inference is not a suspicion or a guess.  An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.  Inferences are deductions or conclusions which you, the jury, are permitted – but not required – to draw from the facts which have been established from the evidence in the case.  Use your common sense in drawing inferences; you are not permitted to engage in mere guesswork or speculation.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

## **CREDIBILITY**

In deciding what the facts are in this case, you must consider all the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of witnesses and the weight their testimony deserves.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the entire testimony as not worthy of belief.

You should carefully scrutinize all of the testimony given the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief. You may choose to disbelieve all or part of any witness's testimony. Everything the witness said or did on the witness stand counts in your determination. In making that decision, you may take into account any number of factors, including the following:

1.     The witness's opportunity to see, hear, and know about the events they described;

2.     The witness's ability to recall and describe those things;

3.     The witness's manner in testifying: often it is not what a person says but how they say it that moves us. Was the witness candid and forthright or did the witness seem as if he or she was hiding something? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination?

14

4.     The reasonableness of the witness's testimony in light of all the other evidence in the case.

5.     You may consider whether a witness's testimony was contradicted by that witness's other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses or by other evidence.  You may also consider whether what the witness testified to was something he or she saw or did or was told to him or her by another person.  If the statement made to the witness was made by someone other than a party to this action or by someone who has not testified before you, you may consider that fact in evaluating this testimony and give it whatever weight you believe it deserves in light of the circumstances in which the statement was made.

However, in deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying.  An inconsistency or contradiction may be due to an innocent mistake, or due to an intentional falsehood.  Consider, therefore, whether it has to do with an important fact or small detail.  Also bear in mind that two people witnessing a single event may observe it differently and remember it differently.

6.     How much you choose to believe a witness may be influenced by any

15

bias that you may perceive the witness to have.  Does the witness have a

relationship with the plaintiffs or the defendants that may affect how he or she

testified?  Does the witness have some prejudice, incentive, loyalty, or motive that

might cause them to shade the truth or give you something other than a completely

accurate account of facts?

In short, if you find that a witness is biased, you should view their testimony

with caution, weigh it with care and subject it to close searching scrutiny.  If you

think it appropriate to do so, you may refuse to believe the testimony of such a

witness even though that testimony has not been impeached or contradicted.

## THE RESTAURANT'S CORPORATE STATUS

Defendant P.O. Italianissimo Ristorante, Inc. is a corporation.  The fact that

a corporation is involved as a party must not affect your decision in any way.  A

corporation and all other persons stand equal before the law and must be dealt with

as equals in a court of justice.  A corporation may act only through people as its

agents or employees.  In general, a corporation is responsible under the law for the

16

acts and statements of its agents and employees that are made within the scope of their duties as an agent or employee of the corporation.

## INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of the trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## **BURDEN OF PROOF**

In a civil action such as this, the plaintiffs bear the burden of proving the essential elements of their claims against each of the defendants by a preponderance of the evidence.  The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a preponderance of the evidence.  If you conclude that a plaintiff has failed to establish his claim by a preponderance of the evidence, then you must decide against him on the issue you are considering.

To establish a claim by a preponderance of the evidence does not mean that proof is required to an absolute certainty.  It simply means to prove that something is more likely so than not so.  A preponderance of the evidence means the greater weight of the evidence.  This refers to the quality and persuasiveness of the evidence; it does not mean the greater number of witnesses, the greater length of time taken, or the greater number of documents.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If the evidence that supports each plaintiff's claim, when considered as compared with that opposed to it, has more convincing force and produces in your minds a belief that what the plaintiff seeks to prove is more likely true than not true, you must find for the plaintiff.  If the evidence weighs so evenly that you are unable to say that there is a preponderance of the evidence on either side, then you must return a verdict for the defendants.  That is because the party bearing this burden must prove more than simple equality of evidence -- they must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  It is a stricter requirement than "more likely true than not true" and does not apply to a civil case such as this.  You should put it out of your minds.

To recapitulate briefly -- a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, produces in your mind a belief that what is sought to be proved is more likely the case than not

19

the case.

## LAW CONTROLLING THIS CASE

Now for the second part of these instructions -- the legal elements of the causes of action in the case.  To assist you, your verdict in this case will be a special verdict in the form of a series of questions to be answered by you in the jury room after you have begun your deliberations.  I will now explain the substantive law that applies to this case.

The parties have stipulated that the plaintiffs, Kujtim Demirovic, Murto Avdalovic, and Senad Perovic, worked as servers at the Restaurant from September 6, 2006 until December 5, 2014, and that plaintiff Richard Reinoso worked as a server from May 10, 2011 through December 5, 2014.  Plaintiffs allege that defendants Franklin Ortega and Rocio Uchofen were employers, along with the Restaurant, during all relevant time periods.

Plaintiffs allege that while they worked at the Restaurant, defendants failed to pay them the minimum wage and overtime wages that they were entitled to receive.  They allege that they were never paid any wages, but worked solely for tips.  They also claim that defendants unlawfully confiscated and retained a portion

20

of the tips and gratuities that were earned by plaintiffs for their work at the Restaurant, in violation of the New York Labor Law.

Plaintiffs further claim that defendants failed to furnish a notice, which is required to be furnished at the start of their employment and which must contain their rate of pay and basis of pay.  Plaintiffs also claim that defendants failed to provide them with the proper wage statements listing their rate of pay, overtime rates, number of hours worked, deductions and allowances, if any, which is required to be provided with every payment of wages, in violation of the New York Labor Law.

I will describe each of plaintiffs' claims to you in more detail shortly.

Defendants deny that plaintiffs were not paid the proper minimum wage and they deny that plaintiffs worked any overtime.  Defendants deny that plaintiffs worked all of the hours that the plaintiffs claimed to have worked, and claim that they did not improperly retain any of plaintiffs' tips.  Defendants also deny that they failed to comply with the notice and wage statement requirements of the New York Labor Law.

## LEGAL STANDARDS

I am now going to explain to you the applicable legal standards governing the claims in this case. You should consider each of plaintiffs' claims separately. As you'll see, there are spaces on the verdict sheet for you to issue a separate verdict for each of the plaintiff's claims. As you deliberate on your verdict, you should carefully follow the directions on the verdict sheets.

## MINIMUM WAGE AND OVERTIME CLAIMS

This case arises under the New York Labor Law.  The New York Labor Law requires that employers pay their employees a prescribed minimum wage per hour for the first 40 hours that they work in any given week.  I will describe for you the rates that apply during these periods in a few minutes.

The law also requires that employers pay their employees a higher, overtime wage for the hours they work in excess of 40 hours in a workweek.  Under the New York Labor Law, compensation for hours worked in excess of 40 hours is calculated at a rate not less than one and one-half times either the minimum wage or the regular rate at which the employee is paid, whichever is higher.

For purposes of this case, you may consider that the work week begins on

22

Sundays and concludes on Saturdays.

## ELEMENTS OF THE CLAIMS

Under the New York Labor Law, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence.  When deliberating, you must determine whether each plaintiff has established his claim by a preponderance of the evidence.  If a plaintiff has proven all of the following elements, your verdict must be for that plaintiff:

*First*, each plaintiff must prove that he was an employee of the defendants during the time period that he claims he worked for defendants.  As you will recall, I instructed you that the parties have stipulated that plaintiffs Kujtim Demirovic, Murto Avdalovic, and Senad Perovic were employed by the Restaurant from January 21, 2009 through December 6, 2014.  They have also stipulated that plaintiff Richard Reinoso was employed by the Restaurant from May 10, 2011 through December 6, 2014.  As I previously stated, you must accept these stipulated facts as true, and you therefore do not need to consider this first element further.

23

*Second*, each plaintiff must prove one or both of the following:  that the defendants failed to pay them the minimum wage for all hours worked in one or more workweeks, as required by law; or that defendants failed to pay plaintiffs overtime wages for all hours worked in excess of 40 in one or more workweeks. You must decide by a preponderance of the evidence whether plaintiffs were properly paid minimum wages and overtime wages during each period.

The New York Labor Law allows an employee to recover damages for the six-year period before he filed suit.  In this case, the plaintiffs filed suit on January 21, 2015.  Thus, if you decide to award damages, you may only award damages for the time period beginning on January 21, 2009.

Just to summarize, you must determine whether each of the plaintiffs has proven by a preponderance of the evidence that he was employed by one or more of the defendants, and that the defendants failed to pay him the minimum wage for each hour worked or overtime wages or both, as required by law during this period.

## **<u>NYLL MINIMUM WAGE CLAIM</u>**

Now that I have given you a brief introduction as to the elements required to

24

prove a violation of the minimum wage and overtime provisions of the New York Labor Law, I now ask you to focus solely on the plaintiffs' minimum wage claims. I will now explain to you what the law requires a plaintiff to prove regarding his minimum wage claim under the New York Labor Law.

In order for a plaintiff to prove that he was not paid minimum wage as required by the law, he must establish by a preponderance of the evidence that during at least some portion of the time that he was employed by defendants, he was paid less than the legally required minimum wage.

In determining whether plaintiff was paid the proper minimum wage, you need to know the following. During the period of time the plaintiffs claim they worked, the minimum wage set by the NYLL changed several times.

- From January 21, 2009 until July 23, 2009, the minimum wage rate in New York was $7.15 per hour.

- On July 24, 2009, the rate increased to $7.25 per hour and remained at that rate until December 30, 2013.

- Finally, from December 31, 2013 through December 6, 2014, the minimum wage rate was $8.00 per hour.

This means that for every hour up to and including 40 hours in a given week

that each plaintiff proved by a preponderance of the evidence that he worked, that

plaintiff was entitled to receive wages of at least $7.15 per hour from January 21,

2009 until July 23, 2009; $7.25 from July 24, 2009 through December 30, 2013;

and $8.00 per hour from December 31, 2013 through December 5, 2014.

In determining if plaintiffs were paid the proper minimum wage, you must

decide what each plaintiff was paid on an hourly basis, if anything.  To calculate

their regular hourly rate, you divide the employee's total weekly compensation

(excluding tips and gratuities) by the number of hours you find he worked during

that week.  If you find that the plaintiff's regular hourly wage rate for a specific

week was less than the applicable minimum wage rate for that period (that I just

gave you), then you must find for that plaintiff on his minimum wage claim.  In

determining a plaintiff's total weekly compensation, you are not to consider any

tips or gratuities that the plaintiff may have received.

If you find that defendants failed to pay the plaintiffs any wages and paid

them only the tips they received, then the plaintiffs are entitled to receive the

minimum wage rate in effect during any given time period.

If you find that a plaintiff's total weekly compensation changed from time to

time or week to week, or his hours worked changed from week to week, you must

determine if that plaintiff was paid the proper minimum wage for each week that he worked. This calculation must be made for each plaintiff separately.

## NYLL OVERTIME WAGES CLAIM

As I have mentioned, when employees work more than 40 hours in a week, the New York Labor Law requires that they receive what is commonly known as overtime pay. Three of the plaintiffs, Demirovic, Reinoso, and Perovic, claim that they were not paid overtime for hours that they worked over 40 in certain workweeks. To prove that he was not paid overtime pay as required by the law, each of these three plaintiffs must establish by a preponderance of the evidence that during part or all of the time period he worked at the Restaurant, the defendants did not pay him the legally required additional amount for the hours he worked in excess of 40.

Under the law, an employer is required to pay its employees overtime pay for any hours worked in excess of 40 hours per week. The amount of overtime that is due under the law is one-and-one-half times the employee's regular wage, or one-and-one-half times the legal minimum wage, whichever is greater.

As I explained, the employee's regular hourly rate for a given week is

27

calculated by taking the employee's total weekly wages divided by the number of hours worked.

As you recall, an employer must pay an employee for overtime at a rate of 1.5 time the employee's regular rate or minimum wage, whichever is higher, for hours worked in excess of 40 hour in one work week. If you find that plaintiffs were paid an hourly wage rate that was higher than the minimum wage for that period, then their overtime rate would be calculated by taking one and one half times the regular hourly rate that you find they were paid.

If you find that a plaintiff's regular hourly rate was less than the minimum wage, then overtime should be calculated based on the legal minimum wage that plaintiff was entitled to have received for the time period in question and not on what the plaintiff actually was paid.

If you find that defendants failed to pay the three plaintiffs—Demirovic, Reinoso, and Perovic—any wages and paid them only the tips they received, then the plaintiffs are entitled to receive the minimum wage rate in effect during any given period and they are entitled to receive overtime calculated based on that applicable minimum wage. Again, you should not consider any tips or gratuities received in calculating plaintiffs' hourly wage rates.

As an example, if you were to find that plaintiff received less than the minimum wage in February 2009, then for the hours he worked in excess of 40 in a week, you would multiply the minimum wage rate in effect at that time -- $7.15 per hour -- times 1.5 to get the plaintiff's proper overtime rate for that period.  This means plaintiff was entitled to receive $10.72 per hour in overtime pay for every hour worked over 40 hours in a particular week.  This same overtime wage rate was in effect from January 21, 2009 until July 23, 2009.

Because the minimum wage rate changed during plaintiff's employment, the overtime rates changed as well.  The proper overtime rates based on the minimum wage rates in effect are as follows:

- Between January 21, 2009 and July 23, 2009 the overtime rate was $10.72 per hour over 40 worked in a week.

- From July 24, 2009 through December 30, 2013, the overtime rate was $10.87 per hour.

- From December 31, 2013 until the last date of plaintiffs' employment with the Restaurant—December 6, 2014—the proper overtime rate was $12.00 per hour.

If you find that a plaintiff has proven by a preponderance of the evidence

that he was not paid the proper overtime rate for a particular week or weeks, then you should find for the plaintiff on that claim.

## NYLL SPREAD OF HOURS PAY

Let me turn now to plaintiffs' "spread of hours" claim, which I mentioned earlier.  The plaintiffs have claimed that the defendants did not pay them appropriate wages under the New York Labor Law "spread of hours" provision. This law requires that for any day in which the employee's "spread of hours" exceeds 10 hours, an employer must pay an employee an additional hour of pay at the minimum wage.

What is a "spread of hours"?  A "spread of hours" is the number of hours between an employee's start time and stop time in a work day.  If at least ten hours pass between the time an employee starts work and the time an employee ends work on a given workday, the employer must pay the employee an extra hour's wages at the minimum wage.  For example, if an employee starts work at 7:00 A.M. and ends work at 6:00 P.M., then under the New York Labor Law, the employer must pay the worker wages for the 11 hours of work actually performed,

plus one additional hour of pay at the minimum wage because the person worked for more than 10 hours in a day.

To determine whether spread of hours wages were paid, you must decide, based on the evidence presented, how many days per week, if any, each plaintiff worked more than 10 hours per day, and whether they were paid for an extra hour at minimum wage on any such days.

## **PROOF OF HOURS**

In determining if plaintiffs were paid the proper minimum wage and overtime, you must determine the number of hours each plaintiff worked in a particular week.  Plaintiffs claim that the defendants failed to maintain adequate records of the hours they worked.  The New York Labor Law requires an employer to keep accurate and detailed records of the hours each employee works each day, including the total number of hours each employee worked each week (including the number of overtime hours, if any), the wages each employee was paid, the dates of employment, the employee's regular rate of pay, and any deductions from wages.  Employers are also required under these laws to provide their employees with pay stubs reporting this information.

If you find that the defendants have failed to reasonably maintain such records, the plaintiffs are permitted to prove the number of hours they worked through other sorts of evidence. You may determine the number of hours an employee worked based on that employee's recollection and your own reasonable inferences drawn therefrom.

Unlike employers, employees are not required to keep detailed records, or indeed, records of any kind. Thus, the law does not require the plaintiffs to remember their exact hours per week or the wages they received, so long as there is a reasonable estimate of the dates and hours they worked and the pay they received. Such a reasonable estimate may, if you find it credible, be sufficient proof for you to base your findings on the plaintiffs' testimony alone. In this respect, the employee's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that he worked.

Once a plaintiff presents evidence that provides reasonable estimates of dates and hours worked and the pay received, the burden shifts to the defendants to prove that the plaintiff's recollections are unreasonable by presenting accurate and detailed records reflecting the plaintiff's hours and wages or to otherwise rebut the facts established by the plaintiff by showing that the plaintiff's recollections are

unreasonable or not credible.

In making your determinations concerning hours and wages, do not be concerned that your findings may only be approximate and not precise, provided that you are satisfied by a preponderance of the evidence that any estimates concerning wages and hours are reasonable.

## NUMBER OF HOURS WORKED

When considering the number of hours an employee has worked, you may consider hours an employee is permitted to work even if the work is not required by the employer.  For example, an employee may voluntarily continue to work at the end of the shift.  The employee may desire to finish an assigned task, or may wish to correct errors or finish completing records.  The reason is immaterial.  If the employer knows or has reason to believe that the employee is continuing to work, the time is working time.

## WORK WEEK

Under the law, all workweeks stand alone.  This means that it is necessary for you to determine the hours worked by each plaintiff on a weekly basis in

determining whether he was paid proper overtime compensation for the hours worked in excess of 40 hours each workweek.  The law does not permit the averaging of hours worked among workweeks.  You cannot reduce the number of overtime hours you find plaintiff worked by hours not worked by plaintiff in other weeks.

For example, if an employee worked 50 hours during one week and 30 hours the next, that employee must be found to have worked 10 overtime hours in the first week.  You cannot find the employee worked less than 10 overtime hours because the employee worked fewer than 40 hours the following week.

## **WAIVER**

The law is clear that an employee cannot waive, release, or compromise the right to be paid minimum wages or overtime pay.  An employer is legally obligated to pay the minimum wage and overtime pay regardless of whether an employee demands it, and even if the employer and employee have agreed that the employee will not receive minimum wage or overtime.

## ILLEGAL TIP RETENTION CLAIM

Let me now address plaintiff's "illegal tip retention" claim.  Under the New York Labor Law, an employer may not demand, accept, or retain any portion of a tip or gratuity that is provided by a customer to an employee, including any credit card charge to a customer that purports to be a gratuity for an employee.

If you find by a preponderance of the evidence that any of the defendants retained any portion of tips or gratuities that were intended to be provided to the plaintiffs, then plaintiffs are entitled to the amount of tips or gratuities unlawfully retained by the defendants.

## WILLFULNESS

If you find that defendants violated the New York Labor Law, then you must determine whether that violation was willful.  It is the defendants' burden to prove by a preponderance of the evidence that they acted in good faith.  To meet the good faith standard, defendants must prove by a preponderance of the evidence that they had a good faith basis to believe that their underpayment of wages was in compliance with the law.  Under the New York Labor Law, the defendants must prove by a preponderance of the evidence that they acted in good faith.  If they fail

to meet that burden, your verdict on the issue of willfulness must be for the plaintiffs.

## **VIOLATION OF THE WAGE STATEMENT PROVISION**

Under the New York Labor Law, employers are also required to provide employees with a wage statement, or pay stub, together with each payment of wages.  The wage statement must list all of the following:

(1) The dates of work covered by that payment of wages;

(2) Name of employee;

(3) Name of employer;

(4) Address and phone number of the employer;

(5) Rate or rates of pay and basis thereof;

(6) Whether the employee is being paid by the hour, shift, day, week, by salary, piece, commission, or other;

(7) Gross wages;

(8) Deductions;

(9) Allowances, if any, claimed as part of the minimum wage; and

(10) Net wages;

(11) The regular hourly rate or rates of pay;

(12) The overtime rate or rates of pay;

(13) The number of regular hours worked, and

(14) The number of overtime hours worked.

Once the plaintiff presents evidence that he was not provided with the proper wage statement for any given pay period as required by the New York Labor Law, the burden shifts to the defendants to prove by a preponderance of the evidence that proper wage statements or pay stubs containing the above information were provided to the plaintiff.  Keep in mind in making this determination that the law requires employers to maintain copies of these wage statements or pay stubs, and draw whatever inferences you deem appropriate if the defendants failed to come

37

forward with these records.

Plaintiffs claim that defendants failed to provide any of the plaintiffs with a wage statement, or pay stub, together with each payment of wages.  If you find that plaintiffs have proved by a preponderance of the evidence that they did not receive these wage statements, together with each payment of wages, then you should state the number of weeks that the defendants failed to provide these notices to each plaintiff.

## **VIOLATION OF WAGE NOTICE PROVISION**

Under the New York Labor Law, during the period when plaintiff Richard Reinoso was hired by the Restaurant, employers were required to provide employees with a written notice at the time of hiring that contained all of the following information:

(1) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

(2) Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

38

(3) The regular pay day designated by the employer;

(4) The name of the employer;

(5) Any "doing business as" names used by the employer;

(6) The physical address of the employer's main office or principal place of business, and a mailing address if different; and

(7) The telephone number of the employer.

The notice must be provided in English and in the language identified by the employee as his primary language.

Once the plaintiff presents evidence that he was not provided with the proper notice as required by the New York Labor Law, the burden shifts to the defendants to prove by a preponderance of the evidence that a proper wage notice was provided to plaintiff Reinoso upon hiring. In making this determination, you may properly consider that employers are required by law to keep copies of these notices and draw whatever inference you deem appropriate if the defendants have failed to come forward with these records.

Plaintiffs claim that defendants failed to provide plaintiff Richard Reinoso

with written notice of his wages upon hiring.  If you find by a preponderance of the

evidence that defendants did not provide Mr. Reinoso with the proper written

notice upon hiring, you must find in favor of plaintiff on his notice claim.


### FRANKLIN ORTEGA AND ROCIO UCHOFEN AS EMPLOYERS

Plaintiffs claim that Franklin Ortega and Rocio Uchofen qualify under the

law as plaintiffs' employers.  An employee who works for a business entity may

have a single employer or may have multiple employers.  To determine whether a

particular person qualifies as an employer under the law, you must consider the

economic reality of the situation.  To find that a person qualifies as an employer,

the economic reality of the situation must be that the alleged employer has

functional control over the terms and conditions of the employee's work and

employment.

Plaintiffs claim that Franklin Ortega was plaintiffs' co-employer under the

law from January 21, 2009 until December 6, 2014.  The defendants disagree and

claim that Mr. Ortega was never plaintiffs' employer.  You must determine

whether Mr. Ortega was plaintiffs' employer and, if so, when.

Plaintiffs also claim that Rocio Uchofen was their co-employer for a nine

week period from October 2, 2014 until December 6, 2014.  Defendants claim that Rocio Uchofen was not plaintiffs' employer under the law during any period of time.  You should resolve the question of whether and when Mr. Ortega or Ms. Uchofen—or both—was an employer by looking at the economic realities of the entire relationship between the parties.  You should consider each of the following factors to the extent that you find that it applicable to this case:

(1) the extent of control over the plaintiffs' work, and who exercised that control;

(2) the degree of supervision, direct or indirect, of the plaintiffs' work, and who exercised that supervision;

(3) who exercised the power to determine the plaintiffs' pay rate or method of payment;

(4) who had the right, whether directly or indirectly, to hire, fire, or modify the conditions of plaintiffs' employment;

(5) who is responsible for the preparation of the payroll, the payment of wages, and the maintenance of employment records;

(6) who made the investment in the equipment and facilities used by the plaintiffs;

(7) the permanency and exclusivity of the employment;

(8) the ownership of the property or facilities where the plaintiffs worked; and

(9) the performance of a specialty job integral to the employer's business.

Remember that no one factor is determinative in making this decision. Rather, you should consider all of these factors in deciding whether and when Franklin Ortega, Rocio Uchofen, or both were plaintiffs' employer under the law.

## COMMENT BY COUNSEL DURING OPENING OR CLOSING REMARKS

During closing remarks, counsel for plaintiffs and defendants may have suggested a specific dollar amount he believes to be appropriate compensation for specific elements of plaintiffs' damages or a specific numbers of hours and wage figures that the attorneys believe appropriate for specific elements of the plaintiffs' claims.

42

An attorney is permitted to make suggestions as to such amounts, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiffs' claims.   The determination of whether each of the plaintiffs has demonstrated the elements of his claims and the time for which he is entitled to receive additional wages is solely for you, the jury, to decide.


## THE VERDICT FORM

To assist you in your deliberations, I have prepared a special verdict form for you to use in recording your decisions.

The special verdict form is made up of questions concerning the important issues in this case.  These questions are to be answered according to the instructions on the sheet.  Please follow the instructions very carefully.  They are a bit complicated.

Your answers must be unanimous and must reflect the conscientious judgment of each juror.  You should answer every question except where the verdict form indicates otherwise.

## CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes, you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.  Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else.

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than

44

that of any other juror.  When you go back into the jury room, the first issue you must decide is who among you will be the foreperson.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

If, in the course of your deliberations, you want any part of the testimony re-read or you should find yourself in doubt concerning my instructions to you on the law, it is your privilege, if you so desire, to return to the courtroom for the purpose of having such testimony or instructions read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.

You will now retire to decide the case.  In order to prevail, the plaintiffs must sustain their burden of proof as I have explained to you with respect to each

element of their claims.  If you find that the plaintiff has succeeded, you should

return a verdict in his favor on that claim.  If you find that the plaintiff has failed to

sustain his burden on any element of his claim, you should return a verdict against

him.

Your duty is to reach a fair conclusion from the law and the evidence.  It is

an important one.  When you are in the jury room, listen to each other, and discuss

the evidence and issues in the case among yourselves.  It is the duty of each of you,

as jurors, to consult with one another, and to deliberate with a view toward

reaching agreement on a verdict, if you can do so without violating your individual

judgment and conscience.  While you should not surrender conscientious

convictions of what the truth is and the weight and effect of the evidence and while

each of you must decide the case for yourself and not merely acquiesce on the

conclusion of your fellow jurors, you should examine the issues and the evidence

before you with candor and frankness, and with proper deference to and regard for

the opinion of each other.

You should not hesitate to reconsider your opinions from time to time and to

change them if you are convinced they are wrong.  However, do not surrender an

honest conviction about the weight and effect of the evidence simply to arrive at a

verdict.  The decision you reach must be unanimous; you must all agree on every

46

entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson, that you have reached a verdict.  Do not indicate what the verdict is.  In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest of oaths as jurors to well and truly try the issues of this case and render a true verdict.

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

I will ask you to wait for a few moments while I discuss with counsel

47

whether there is anything further that you need to be charged.

[The attorneys will come to the side bar to make any exceptions].

**[Swear Marshals].**