UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
KUJTIM DEMIROVIC, RICHARD REINOSO,
MURTO AVDALOVIC, and SENAD
PEROVIC,

                       Plaintiffs,

                -against-

FRANKLIN ORTEGA, ROCIO UCHOFEN,
and P.O. ITALIANISSIMO RISTORANTE,
INC.,

                      Defendants.
------------------------------------------------------- X

**JURY INSTRUCTIONS**
**RETALIATION CLAIMS**
15 CV 327 (CLP)

**POLLAK**, United States Magistrate Judge:

### FLSA AND NYLL RETALIATION CLAIMS

Plaintiffs claim that the defendants retaliated against them because they complained that the defendants were not complying with the Fair Labor Standards Act and the New York Labor Law. Specifically, plaintiffs allege that the defendants retaliated against them by filing counterclaims accusing them of fraud, theft, defamation, and racketeering as a result of their pursuing their wage and hour claims. Defendants deny that they retaliated against the plaintiffs for bringing their claims.

Protesting against violations of the FLSA or NYLL, including filing a lawsuit, is a protected activity, whether the protest is justified or not. Accordingly,

1

to make out a claim of retaliation, plaintiffs must prove by a preponderance of the evidence each of the following elements:

*First*:              That the plaintiffs complained of one or more violations of the FLSA or New York Labor Law; specifically, that the plaintiffs filed a lawsuit alleging unpaid minimum wages and unpaid overtime in violation of the New York Labor Law and the federal Fair Labor Standards Act.

*Second*:              That knowing of that protected activity, the defendants subjected the plaintiffs to a materially adverse action, that is, an act of retaliation; specifically, that the defendants filed counterclaims against the plaintiffs.  An adverse action is "material" in the context of a retaliation claim if it might well have discouraged a reasonable worker from complaining about violations of the FLSA or New York Labor Law.

              In order for a counterclaim to be a prohibited act of retaliation, the plaintiffs must prove two elements:  that the counterclaim was filed with a retaliatory motive and that the counterclaim lacks any reasonable basis in fact or law.  To prove retaliatory motive, plaintiffs

2

may rely on the timing of the counterclaim itself as evidence of motive.

*Third*:                    That the defendants took the adverse action because of the plaintiffs' complaint.  It must be the case that but for the plaintiffs' complaint about FLSA or New York Labor Law violations, the defendants would not have taken the adverse action.

It is for you to decide based on all the evidence whether plaintiffs have established each of these three elements by a preponderance of the evidence.  If you find for the plaintiffs on their retaliation claims, you will then need to consider whether each of them has proven by a preponderance of the evidence that he sustained injuries as a result of the retaliation.

## **DAMAGES**

I will now instruct you on the question of damages.  My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiffs.  It is for you to decide on the evidence presented and the rules of law I have set out for you whether the plaintiffs are entitled to recover from the defendants.  If you decide that the plaintiffs are not entitled to recover from the defendants, you need not consider damages.  Only if you decide that the plaintiffs

3

are entitled to recover will you consider the measure of damages.  If you find that the plaintiffs are entitled to recover from the defendants, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiffs for all losses resulting from the injuries they sustained.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' conduct.  Let me reiterate that I am instructing you on damages only so that you will have guidance should you decide that the plaintiffs are entitled to recovery.

## COMPENSATORY DAMAGES

If you find that plaintiffs have proven, by a preponderance of the evidence, that defendants retaliated against plaintiffs for filing this lawsuit, then you must determine what amount, if any, should be awarded to the plaintiffs that is sufficient to compensate them for any injury proximately caused by the defendants' conduct. These are known as "compensatory damages."  Compensatory damages seek to make the plaintiffs whole -- that is, to compensate them for the damage that they have suffered.

Compensatory damages may include, for example, damages for past and future humiliation, pain and suffering, as well as for harm to the plaintiffs'

4

reputation or standing in the community.  The purpose of compensatory damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' retaliation.

 If you find that the defendants are liable for retaliation, then you must award plaintiffs sufficient damages to fairly compensate the plaintiffs for any injury proximately caused by the defendants conduct.  "Proximate cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

As I indicated, you may award damages only for those injuries that you find the plaintiffs have proven by a preponderance of the evidence to have been the direct result of the defendants' retaliatory conduct in violation of the New York Labor Law.  The plaintiffs bear the burden of proof on the issue of damages, and must prove their injuries or damages by a preponderance of the evidence.

Your purpose in awarding compensatory damages is not to punish the defendants or to enrich the plaintiffs.  The purpose of an award of damages is to restore the plaintiffs to the same position which they had before the injury.  Any award of damages that you make must be fair, reasonable and commensurate with the nature and extent of the injury actually sustained.  Once again, the burden is on plaintiffs to prove injuries or damages by a preponderance of the evidence.

You are not permitted to award speculative damages.  This means you are not to include in any verdict compensation for any prospective or future loss which, although possible, is not reasonably certain to occur in the future.

Neither may you award damages against the defendants for any injury or condition suffered by plaintiffs that they do not show, by a preponderance of the evidence, to have been caused by the retaliatory conduct in question.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require plaintiffs to prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

6

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## NOMINAL DAMAGES

If you find in favor of plaintiffs, but you find plaintiffs' damages have no monetary value, then you must return a verdict for plaintiffs in the nominal amount of one dollar.

## PUNITIVE DAMAGES

If you find for the plaintiffs, then you may also make them a separate and additional award of exemplary or punitive damages.  You may, but are not required to, award the plaintiffs punitive damages if you find that the acts of the defendants that caused the injury complained of were wanton and reckless or malicious.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

Punitive damages are not awarded as a matter of right.  You may award the plaintiffs punitive damages if you find that the acts of a defendant were done maliciously or wantonly.  An act is maliciously done if it is prompted by ill will or

7

spite towards the injured person.  An act is wanton if done in a reckless or callous

disregard of, or indifference to, the rights of the injured person.  The plaintiffs have

the burden of proving, by a preponderance of the evidence, that the defendants

acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendants acted

with malicious intent to violate the plaintiffs' rights or unlawfully injure them, or if

you find that the defendants acted with a callous or reckless disregard of the

plaintiffs' rights, then you may award punitive damages against the defendants.  An

award of punitive damages, however, is discretionary; that is, if you find that the

legal requirements for punitive damages are satisfied, then you may decide to

award punitive damages, or you may decide not to award them.

What you will <u>not</u> do at this point, should you decide to award punitive

damages, is determine the amount of the award.  You would make that calculation

after hearing some additional evidence, which you will hear only if you decide that

a punitive damages award is warranted.  Therefore, I instruct you to decide during

your immediate deliberations only whether plaintiffs should receive a punitive

damages award of some undetermined amount.

## CORPORATE LIABILITY

Punitive damages may be awarded against a corporation only if its officers or directors authorized, participated in, consented to, or after discovery, ratified the conduct giving rise to such damages.

[The attorneys will come to the side bar to make any exceptions].

**[Swear Marshals].**