UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KUJTIM DEMIROVIC, RICHARD REINOSO,
MURTO AVDALOVIC and SENAD PEROVIC,   Docket No. 15 cv 0327  (CLP)

               Plaintiffs,

    -against-

FRANKLIN ORTEGA, ROCIA UCHOFEN, and
P.O. ITALIANISSIMO RISTORANTE, INC.


              Defendants
-----------------------------------------------------------------X

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER

Based upon the verdicts rendered and all prior proceedings had in the instant case, Defendants Franklin Ortega and P.O. Italianissimo Ristorante, Inc. hereby oppose Plaintiffs' motion for a Temporary Restraining Order ("TRO").

In the motion, Plaintiffs' counsel paints an unwarranted, inaccurate portrait of Mr. Ortega. However, his testimony following the jury verdict exuded a calm acceptance of the verdict against him. Mr. Ortega even thanked the court and the jury for their service. His demeanor suggested no nefarious motives or character, and that absence of malice on Mr. Ortega's part is reflected in the jury's verdicts:

- ➢ In the first verdict, questions 36-40, "Tip Retention Claim", the jury did not believe the Plaintiffs' claims that their tips were retained by any defendant at any time;

- ➢ In the first verdict, question 43, despite Plaintiffs' dogged pursuit of Rocio Uchofen as an "employer", the jury did not believe the Plaintiffs' testimony and found that she was not an employer, even for the limited amount of time insisted upon by the Plaintiffs;

- ➢ In the first verdict, question 44, the jury found that Mr. Ortega proved that he had a "…good

faith basis to believe any underpayment of wages to the plaintiffs during their employment was in compliance with the law";

- In the second verdict, although the jury found retaliation, the answers to questions:

2. $0 in damages;

3. Awarding the nominal amount of $1 in damages; and

4. Plaintiffs were not entitled to punitive damages

reflect a jury that found Mr. Ortega was NOT reckless, wanton or malicious. Indeed, no criminality was proven to the jury's satisfaction, despite near constant mention of the potential criminality of the allegations against Mr. Ortega. It is without any basis whatsoever that plaintiffs seek a TRO.

So, plaintiffs' counsel dramatically, but uselessly, cites to New York Labor Law §198-a and the potential imprisonment, completely ignoring that the jury clearly rejected the theory that Mr. Ortega was willfully engaging in the theft of wages. Not only did the jury reject counsel's theory, the jury found that Mr. Ortega proved that he had a "…good faith basis to believe any underpayment of wages to the plaintiffs during their employment was in compliance with the law."

On page 4 of plaintiffs' application, counsel repeatedly refers to "falsified W-2 journals" when there is no proof by a preponderance of the evidence of any such thing. The parties' contentions about authenticity differ and there was no finding about the W-2 transaction journals. Counsel for the plaintiffs deliberately ignores that the CPA's certification, which served to authenticate the contents of Defendants' Exhibit A, was included on day 1 of the trial to satisfy the Business Records Exception to the Hearsay Rule. In stipulating to the admission of Exhibit A, counsel demanded the removal of the single page that was the CPA's certification. Defendants stand by the presumption of regularity for the W-2 forms, and any naked denial cannot overcome

the presumption. Moreover, the jury's finding that Mr. Ortega proved that he had a "…good faith basis to believe any underpayment of wages to the plaintiffs during their employment was in compliance with the law" easily overcomes counsel's presumption.

Plaintiffs' counsel's various charges of defense counsels' alleged "contempt for the rule of law" are completely unnecessary and untrue. Its inclusion in the application is a strong indication that the plaintiffs' TRO request lacks the requisite basis in fact.

If the court is inclined to grant the TRO, the payment of ordinary and usual expenses should be liberal for the two businesses, one of which is jointly owned with the dismissed defendant, Rocio Uchofen, the home in which the family of 5 resides, and certainly to cover the children's high school and college expenses.

WHEREFORE, it is respectfully requested that the relief sought in the Plaintiffs' motion be denied in its entirety, together with costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 31, 2017

_____S/_____
Jonathan B. Behrins
The Behrins Law Firm, PLLC
*Attorneys for Defendants*
1491 Richmond Road
Staten Island, New York 10304
(718) 447-5541
jb@behrinslaw.com