UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KUJTIM DEMIROVIC, RICHARD REINOSO,
MURTO AVDALOVIC and SENAD PEROVIC,          15-cv-0327 (CLP)

                        Plaintiffs,

          -against-

FRANKLIN ORTEGA,
ROCIO UCHOFEN and
P.O. ITALIANISSIMO
RISTORANTE INC.,

                        *Defendants*.
------------------------------------------------------------ X

### Declaration of Scott A. Lucas in Further Support
### of Plaintiffs' Motion for a TRO

   Scott A. Lucas, having personal knowledge of the facts below, declares the

truth of the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

   1.       As Plaintiffs' counsel, I respectfully submit this Declaration in further

support of Plaintiffs' motion pursuant to Fed. R. Civ. P. 64(a) and New York Civil

Practice Law and Rules ("CPLR") 5229 for an Order that:

   (A)   Defendants be "enjoined and restrained, with the same effect as if a
         restraining notice had been served upon [them] after judgment, from
         making or suffering any sale, assignment, transfer, or interference
         with any property in which [Defendants have] an interest [and
         specifying that] [t]hese restrictions shall apply until such time as
         judgment in this action has been entered." *Sequa Capital Corp. v.
         Nave*, 921 F.Supp. 1072, 1076 (S.D.N.Y. 1996);

1

(B)    Each Defendant shall separately provide, by November 27, 2017, the information and documents requested in the "Post-Verdict Interrogatories & Request for Documents Used to Calculate Net Worth" attached as Ex. "A" to Plaintiffs' moving papers, together with a certification made under penalty of perjury that the interrogatory answers provided are true and that all of the requested documents have been provided; and

(C)    Defendants, after they have complied with their obligation to separately provide the information and documents requested in the "Post-Verdict Interrogatories & Request for Documents Used to Calculate Net Worth" attached as Ex. "A" to Plaintiffs' moving papers, shall submit to depositions pursuant to NY CPLR 5229 on a date or dates that the parties shall agree upon.

**Background**

2.    Following the jury's verdict on October 26, 2017, I orally moved for an Order that Defendants be temporarily restrained with the same effect as if a restraining notice had been served upon them after judgment, from making or suffering any sale, assignment, transfer, or interference with any property in which they have an interest.  When making this application, I provided a paper copy of the motion papers that were docketed on ECF later that evening, and made clear that the motion did not concern property that is not otherwise available to satisfy a money judgment, such as payment of regular wages, utility bills, routine mortgage payments and the like.

3.    Defendants agreed in open Court to the temporary restraint requested pending the outcome of a written motion for such relief, and the Court directed

2

Defendants to abide by the agreed-upon temporary restraint pending the outcome

of this written motion for such relief.

**There is No Basis for Denying the Relief Requested**

4.      In their opposition papers, Defendants claim that the relief requested

is unwarranted because Plaintiffs did not prevail on every one of their claims.

5.      That is not a basis for denying the requested relief.

6.      Defendants' *continued* insistence that their obviously falsified W-2

transaction journals – which purport to show the exact same hourly wage and tip

totals week after week for extended periods of time, including when Plaintiffs were

out of work or on vacation and when the Restaurant was closed for Hurricane

Sandy – shows that Defendants have no regard for the truth.  Litigants willing to

lie to the Court without shame should not be rewarded with an exemption from the

protections commonly available under CPLR 5229, especially since "the moving

party need not make a particular showing of the danger of dissipation of assets."

*Coley v. Vannguard Urban Improvement Association, Inc.*, 2016 WL 7217641, at

*6 (E.D.N.Y. 2016).

7.      The falsified W-2 transaction journals indicate that Defendants Ortega

and the Restaurant have been falsifying non-existent wage data and submitting it to

3

the taxing authorities.  This is not the type of conduct warranting an exemption

from the protections commonly available under CPLR § 5229.

8.      In addition, Defendants' opposition papers do not address the specific

instances when Defendants violated and tried to violate the Court's orders in front

of the jury.  Defendants' longtime personal counsel (Bruce Behrins) was not only

willing to engage in such behavior, but was filled with uncontrollable rage -- rather

than contrition -- when one of his would-be violations of the Court's Orders was

foiled, prompting him to use profanity against me in the Court's presence during a

sidebar.  That is not the type of conduct that exhibits a respect for the rule of law,

or that justifies an exemption from the protections commonly available under

CPLR § 5229.

9.      The jury found that Plaintiffs did not receive any wages whatsoever

for a period of almost six years.  The failure to pay several hundred thousand

dollars in workers' wages is a crime punishable by up to one year of imprisonment,

NYLL § 198-a, regardless of Defendants' mental state. *People v. Vetri*, 309 N.Y.

401, 406 (1955).

10.     Moreover, all Defendants, including Defendant Uchofen, were found

liable for unlawfully retaliating against Plaintiffs.  Although the jury only awarded

nominal damages on the retaliation claim, court awarded liquidated damages of up

to $20,000 per Plaintiff are mandatory under NYLL § 215.2(a), and attorney's fees

are also available on that claim as well.  *See Ela v. Destefano*, 869 F.3d 1198, 1204

(11th Cir. 2017) (confirming that where only nominal damages were awarded by

jury, liquidated damages and attorney's fees should be awarded by court where

there is a statutory grant of authority for same); *See also* Plaintiffs' pending motion

for liquidated damages.

      11.    Finally, there is a body of case law regarding what it means for

Defendants to be "enjoined and restrained with the same effect as if a restraining

notice had been served upon them after judgment, and from making or suffering

any sale, assignment, transfer, or interference with any property in which

Defendants have an interest.  There is no need or reason to confuse the situation by

stating that Defendants are allowed to make "liberal" expenditures (whatever that

may mean).

      WHEREFORE, it is respectfully requested that Plaintiffs' motion be

granted.

Dated:      New York, New York
               November 1, 2017

                               */S/ Scott A. Lucas*
                               Scott A. Lucas