UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KUJTIM DEMIROVIC *et al.*,

                Plaintiffs,

        -against-

FRANKLIN ORTEGA *et al.*,

                Defendants.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**
15 CV 327 (CLP)

**POLLAK**, United States Magistrate Judge:

      The defendants in this retaliation and wage-and-hour action seek reconsideration of the Court's post-trial Memorandum and Order restraining the defendants' assets and enjoining the defendants from dissipating those assets except as allowed by New York law or further order of the Court. In their motion for reconsideration, the defendants do not point to any controlling decisions or material facts that the Court overlooked in rendering its decision, and none of the arguments they have presented would alter the Court's decision to issue a post-verdict restraining order that includes defendant Rocio Uchofen. The defendants thus fail to meet the strict standard for reconsideration embodied in Local Civil Rule 6.3, and the Court therefore denies defendants' motion for reconsideration.

BACKGROUND

      This action was commenced on January 21, 2015, by plaintiffs Kujtim Demirovic, Richard Reinoso, Murto Avdalovic, and Senad Perovic (collectively, "plaintiffs") against Franklin Ortega, Rocio Uchofen, and P.O. Italianissimo Ristorante Inc. (the "Restaurant" or "Italianissimo") (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq. The

1

plaintiffs sought to recover unpaid overtime and minimum wages, along with applicable liquidated damages, under both the FLSA and NYLL, as well as damages for defendants' unlawful withholding of gratuities, failure to provide wage notices, and retaliation.[1] On September 21, 2015, the parties consented to have the case re-assigned to the undersigned for all purposes.

The Court bifurcated the trial of this matter so that wage and hour claims under the FLSA and NYLL were presented in the first trial, while retaliation claims under those same statutes were presented in a second trial. The first trial began on October 23, 2017 and continued until October 25, 2017. On October 26, 2017, the jury returned a verdict against the Restaurant and Ortega, but found Uchofen was not an "employer" and therefore was not liable for the unpaid wages. In the second trial, held on the same day, the jury returned a verdict in favor of the plaintiffs against all defendants, including Uchofen, on the retaliation claim.

On November 3, 2017, the Court issued an Order restraining the defendants' assets and enjoining the defendants from dissipating such assets under New York CPLR § 5229 and Federal Rule of Civil Procedure 64. See Demirovic v. Ortega, No. 15 CV 327, 2017 WL 5135573 (E.D.N.Y. Nov. 3, 2017) (ECF No. 105). By letter motion dated November 7, 2017, the defendants seek reconsideration of the decision to issue the restraining order. (See Defs.' Mot.,[2] Nov. 7, 2017, ECF No. 106). The plaintiffs filed an opposition on the same day. (See Pls.' Opp'n,[3] Nov. 7, 2017, ECF No. 107).

---

[1] In their Answer filed on March 12, 2015, defendants asserted various counterclaims for conversion, fraud, abuse of process, unjust enrichment, defamation, and civil RICO violations, which were dismissed by this Court on September 15, 2016. On January 31, 2017, this Court also granted the third-party defendants' motion to dismiss the Third Party Complaint.

[2] Citations to "Defs.' Mot." refer to the defendants' Letter Motion for Reconsideration filed on November 7, 2017, ECF No. 106.

[3] Citations to "Pls.' Opp'n" refer to the plaintiffs' Memorandum in Opposition to

DISCUSSION

**A. Legal Standard Governing Motions for Reconsideration**

Local Civil Rule 6.3 allows parties to file motions for reconsideration within 14 days of a court order regarding "matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Hastings Dev., LLC v. Evanston Ins. Co., No. 14 CV 6203, 2016 WL 3632708, at *2 (E.D.N.Y. June 29, 2016) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); accord Salveson v. JP Morgan Chase & Co., 663 F. App'x 71, 75–76 (2d Cir. 2016), cert. denied, 137 S. Ct. 1826 (2017).

Generally, courts have found that the main grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quoting Virgin Atl. Airways Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Thus, the "moving party may not advance new facts, issues[,] or arguments not previously presented to the Court." Haggar Int'l Corp. v. United Co. for Food Indus. Corp., No. 03 CV 5789, 2013 WL 3356953, at *1 (E.D.N.Y. July 3, 2013) (quoting Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004)); see also City of New York v. Milhelm Attea & Bros., Inc. et al, 591 F. Supp. 2d 234, 236 (E.D.N.Y. 2008) (finding that "[a] motion for reconsideration" is not "an occasion for repeating old arguments previously rejected") (quoting Associated Press v. United States Dep't of Def., 395 F.

---

Reconsideration filed on November 7, 2017, ECF No. 107.

Supp. 2d 17, 19 (S.D.N.Y. 2005)); Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (holding that Rule 6.3 is "not . . . a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion"). New evidence is evidence that was "truly newly discovered or could not have been found by due diligence." Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)); see also United States v. All Funds on Deposit in, or Transferred to or Through, Banc of Am. Account No. 207-00426 Held in the Name of Kenneth V. Jaeggi and Patti S. Jaeggi, No. 05 CV 3971, 2007 WL 2114670, at *2 (E.D.N.Y. July 16, 2007) (explaining that "[a] party may not use a motion to reconsider as an opportunity . . . to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence") (citations omitted).

The Rule is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court," Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2014) (quoting Trans-Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 CV 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)), and such a motion must not be used as a substitute for an appeal. See Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520 (stating that Local Rule 6.3 should not be used "as a substitute for appealing a final judgment"). Instead, the rule "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Haggar Int'l Corp. v. United Co. for Food Indus. Corp., 2013 WL 3356953, at *2 (quoting Winkler v. Metropolitan Life Ins. Co., 340 F. Supp. 2d at 412)). Rule 6.3 was designed to provide a mechanism to "correct a clear error or prevent manifest injustice." Jordan v. Metropolitan Life

4

Ins. Co., No. 03 CV 4110, 2004 WL 1752822, at *2 (S.D.N.Y. Aug. 4, 2004) (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied sub nom., Catholic Home Bureau v. Doe, 464 U.S. 864 (1983)).

**B. Analysis**

The defendants argue that the Court should grant reconsideration of its prior Order because the jury concluded in the first trial that Rocio Uchofen was not an "employer" within the meaning of the NYLL or FLSA. (Defs.' Mot. at 1). Defendants contend that a party may not be liable for retaliation unless the party has also been found to be an "employer" under the NYLL or FLSA. (Id.)

In response, the plaintiffs argue that the defendants have not met the strict standard required for a motion for reconsideration. (Pls.' Opp'n at 1-2). On the merits, the plaintiffs explain that in contrast to the wage-and-hour provisions that apply only to an "employer," both the NYLL and FLSA retaliation provisions apply to "any person." (See id. at 2). The plaintiffs also observe that the defendants affirmatively agreed to the jury instructions and verdict sheet in each of the trials, and thus have waived any objection that was not raised before the jury began deliberating. (See id. at 3).

1. Defendants' Motion Does Not Meet the Strict Standard for Reconsideration

The defendants have failed to meet the strict standard required for reconsideration. Their motion cites no law at all, let alone controlling law. (See Defs.' Mot. at 1). The Court did not overlook the issue raised in the defendants' motion in deciding to issue a restraining order, but instead explicitly addressed Ms. Uchofen's liability for retaliation. See Demirovic v. Ortega, 2017 WL 5135573, at *3 n.7. Even if the Court had overlooked the issue, the appropriate time to raise this particular concern was at the charge conference or, at the latest, before the jury retired

5

to deliberate. The defendants failed to do so, thereby depriving the Court of the opportunity to address the issue before the jury rendered a verdict.

2. <u>Non-Employers May Be Held Liable for Retaliation Under the New York Labor Law</u>

Even if the defendants' motion were procedurally proper, it would fail as a matter of law. The text of the NYLL's prohibition on retaliation is broad and applies both to an employer and to "any other person." NYLL § 215(1)(a).[4] Section 215(2)(a) of the NYLL, which provides remedies for retaliation, further supports the Court's conclusion that a person need not be an "employer" to be held liable for retaliation under the NYLL. That section allows an employee to sue "any employer or person alleged to have violated [NYLL § 215]." NYLL § 215(2)(a). It enables courts to "restrain violations . . . and to order all appropriate relief, including *enjoining the conduct of any person or employer*." Id. (emphasis added). Section 215(2)(1) also explicitly

---

[4] The prohibition on retaliation in the FLSA also refers to "any person." 29 U.S.C. § 215(a)(3) (providing that "it shall be unlawful for *any person* . . . to discharge or in any other manner discriminate against any employee because such employee has . . . instituted or caused to be instituted any proceeding under or related to this chapter") (emphasis added); see Bowe v. Judson C. Burns, Inc., 137 F.2d 37, 38 (3d Cir. 1943) (explaining that "[t]hose portions of the Act . . . relating to wages and to hours do apply only to employers[, but] the prohibitions expressed in Section 15, 29 U.S.C. § 215, . . . are applicable to 'any person'"). Courts disagree, however, whether the reference to "any employer" in the remedy provision, 29 U.S.C. § 216(b), precludes bringing a cause of action for retaliation against a non-employer. Compare Bowe v. Judson C. Burns, Inc., 137 F.2d at 38; Meek v. United States, 136 F.2d 679, 679 (6th Cir. 1943) (concluding it was "immaterial whether [the defendant], at the time, was [plaintiff]'s employer, or whether he was engaged in interstate commerce, since the prohibitions of the statute are directed to 'any person'"); Centeno-Bernuy v. Perry, 302 F. Supp. 2d 128, 135–36 (W.D.N.Y. 2003) (holding that "the anti-retaliation provision of the FLSA does not apply only to employers; it applies to 'any person'"); with Dellinger v. Science Applications Int'l Corp., 649 F.3d 226, 229 (4th Cir. 2011) (concluding that "an employee is given remedies for violations of § 215(a)(3) only from an employer").

The Second Circuit does not appear to have taken a position on this question and, in any event, this Court need not take a position as to this conflict because no party has raised it. Moreover, the NYLL's anti-retaliation provision is clear in its application to non-employers and thus provides an independent basis both for Ms. Uchofen's liability and for the Court's decision to deny reconsideration of its earlier Order.

6

contemplates that non-employers will be sued and held liable for retaliation. While it specifically limits the remedies of rehiring and reinstatement to situations "where the person or entity in violation is an employer," the statute does not distinguish between employers and non-employers when elaborating the other remedies it provides, including injunctive relief, liquidated damages, and attorneys' fees. See id. These latter remedies are thus available against both employers and non-employers.

Given the plain language of the New York Labor Law's prohibition on retaliation, the Court concludes that both employers and non-employers may be held liable for retaliation under NYLL § 215, and that Ms. Uchofen is properly subject to the Court's November 3, 2017 Order. The defendants' motion for reconsideration is therefore denied.

## CONCLUSION

For the reasons set forth above, the defendants' motion for reconsideration of the Court's November 3, 2017 Order is denied. The Court's November 3, 2017 Order remains in effect as to all defendants.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 9, 2017

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York