**MANDATE**

18-1494-cv
*Demirovic v. Ortega*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

---

KUJTIM DEMIROVIC, RICHARD REINOSO, MURTO AVDALOVIC, SENAD PEROVIC,

　　　　*Plaintiffs-Counter-Defendants-Appellees*,　　　　　　　　18-1494-cv

　　　　v.

FRANKLIN ORTEGA, ROCIO UCHOFEN, P.O.
ITALIANISSIMO RISTORANTE INC.,

　　　　*Defendants-Counter-Claimants-Third-Party-Plaintiffs-Appellants*,

ELSA PEROVIC, ELJAZ PEROVIC,

　　　　*Third-Party-Defendants-Counter-Claimants*.

---

FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES:　　　　　　　Scott A. Lucas, Law Offices of Scott A. Lucas, New York, NY.

FOR DEFENDANTS-COUNTER-CLAIMANTS-

1

**THIRD-PARTY-PLAINTIFFS-APPELLANTS:**   Jonathan Behrins, The Behrins Law Firm, PLLC, Staten Island, NY.

Appeal from a May 17, 2018 judgment of the United States District Court for the Eastern District of New York (Cheryl L. Pollak, *Magistrate Judge*).*

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendants-Counter-Claimants-Third-Party-Plaintiffs-Appellants Franklin Ortega, Rocio Uchofen, and P.O. Italianissimo Ristorante Inc. (jointly, "defendants"), appeal a judgment of the District Court, following a bifurcated jury trial, in favor of Plaintiffs-Counter-Defendants-Appellees, Kujtim Demirovic, Richard Reinoso, Murto Avdalovic, and Senad Perovic (jointly, "plaintiffs"). Plaintiffs sued defendants for claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the New York Labor Law ("NYLL") articles 19, § 650-665, and 6, § 190-199, and other employment provisions of New York law. Defendants also appeal the District Court's order dismissing their counterclaims, evidentiary rulings, and orders granting attorneys' fees and liquidated damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### I.     Jury Instruction Challenges

On appeal, Ortega argues that jury instructions and verdict questions were misleading, specifically, in not highlighting that entities or persons other than Ortega may have been plaintiffs' sole or joint employer. Because Ortega sought no such clarifying instructions or questions in the District Court, we review only for "plain error," and will grant relief only if such error affected "substantial rights" and "the fairness, integrity, or public reputation of judicial proceedings." *Keeling v. Hars*, 809 F.3d 43, 51 (2d Cir. 2015) (internal quotation marks omitted). "To constitute plain error, a court's action must contravene an established rule of law, and go to the very essence of the case." *Id.* at 52 (internal quotation marks omitted). That is not this case. Here, the District Court noted the parties' stipulation that Italianissimo was plaintiffs' employer and correctly instructed that an employee "may have a single employer or may have multiple employers" during any given period. App. 1620. The District Court further correctly instructed on the "economic reality" factors relevant to determining whether Ortega was plaintiffs' employer. *See Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d

---

* The parties consented to the referral of the case to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

132, 139 (2d Cir. 1999). These instructions correctly stated the law, and, in the absence of any request from Ortega for further or clarifying instructions, we identify no plain error.

## II. Sufficiency of the Evidence

Defendants argue that the evidence at trial failed to establish elements of the claims at issue. Prior to the jury verdict, defendants made a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure Rule 50(a) based on sufficiency of the evidence arguments. But they failed to renew their motion post-verdict pursuant to Rule 50(b) or to move for a new trial pursuant to Rule 59. It is well established that "a party's failure to make a renewed, post-verdict motion for judgment as a matter of law pursuant to Rule 50(b) 'forecloses its challenge to the sufficiency of the evidence' on appeal." *Knight v. State Univ. of New York at Stony Brook*, 880 F.3d 636, 642 (2d Cir. 2018) (quoting *Unitherm Food Systems, Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 404 (2006)). In these circumstances, we may only consider such arguments to prevent "manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012). We discern no manifest injustice here. Accordingly, defendants have forfeited any sufficiency-of-the-evidence challenges to the jury's verdicts.

## III. Dismissal of Counterclaims

Defendants argue that the District Court erred in granting plaintiffs' motion to dismiss their counterclaims. We review a district court's dismissal of claims pursuant to Rule 12(b)(6) *de novo*, "accepting . . . factual allegations as true and drawing all reasonable inferences in the [claimant's] favor." *LLM Bar Exam, LLC v. Barbri, Inc.*, 922 F.3d 136, 140 (2d Cir. 2019) (internal quotation marks omitted). In their brief, defendants present an argument only as to their counterclaim for malicious abuse of process. We conclude that the District Court did not err in determining that defendants failed plausibly to allege a collateral objective as required under New York law for an abuse of process claim. *See Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003). Defendants do not offer any coherent arguments as to why the District Court erred in dismissing their other counterclaims. Moreover, defendants' challenge to the dismissal of their counterclaims is surprising in light of Ortega's concession at trial that he brought the counterclaims "with malice to try to punish" plaintiffs. App. 1251. Indeed, the jury found all three defendants liable for unlawful retaliation based on defendants' spurious counterclaims. We conclude that the District Court did not err in dismissing defendants' counterclaims.

## IV. Evidentiary Decisions

Defendants contend that the District Court "abused its discretion" by precluding them from presenting certain documents and testimony at trial. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Companies*, 397 F.3d 120, 124 (2d Cir. 2005). Discovery rulings are

3

likewise reviewed for abuse of discretion. *See FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 145 (2d Cir. 2019).

First, defendants argue that the District Court erred in denying their discovery requests for plaintiffs' tax returns and in precluding them from presenting evidence regarding plaintiffs' payment or non-payment of taxes. We conclude that the District Court did not abuse its discretion in finding that the returns were minimally relevant and that the relevant wage information could be obtained through less intrusive means, including defendants' business records that they were obliged by law to maintain.

Second, defendants argue that the District Court abused its discretion by precluding three witnesses from testifying. Defendants do not contest that they failed to disclose these witnesses as required under Federal Rule of Civil Procedure 26(a) and 26(e) and that they failed to list them as witnesses in their initial proposed Joint Pretrial Order. Less than twenty-four hours before the final pretrial conference, defendants moved to amend the Joint Pretrial Order to add, among other things, these witnesses. We conclude that the District Court properly considered the factors set forth in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) and excluded the witnesses in light of defendants' failures to comply with Rule 26.

Defendants appear to challenge, in passing, other evidentiary rulings, such as a ruling forbidding defendants from referring to plaintiffs' alien status. They offer no coherent argument as to why these rulings were an abuse of discretion, and we can discern none. Accordingly, we conclude that the District Court did not abuse its discretion in any of its evidentiary rulings.

### V. Liquidated Damages and Attorney's Fees

Defendants appear to argue that the District Court erred in granting liquidated damages. Their argument on this point is unclear. To the extent that they argue that the District Court could not grant liquidated damages on plaintiffs' wage claims, the District Court properly did not grant such damages. Indeed, the District Court denied liquidated damages on the NYLL and FLSA wage claims, but granted liquidated damages on their retaliation claims.

Defendants further argue that the District Court erred in granting attorneys' fees to plaintiffs. They proffer no independent argument but merely claim that because the judgment of the District Court should be reversed, the grant of attorneys' fees should be reversed as well. Because we uphold the judgment, the derivative attorneys' fees challenge necessarily fails.

## CONCLUSION

We have reviewed all of the arguments raised by defendants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 17, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit